TEXAS & P. R'y CO. v. W. N. McATEE.

(Case No. 5071.)

1. NEGLIGENCE — DAMAGES.— Where a brakeman employed by a railway company, in the performance of his duties as such, receives injuries, the direct proximate cause of which was a defective brake on a car, which, in the line of his duty as employee, he was setting when injured, he is entitled to recover damages therefor, if the brake was so defective that by a proper use of it the work for which it was intended could not be performed; *provided,* the brakeman did not know of such defect, and the company or its officers, in the exercise of proper diligence, should have known of its existence.

2. SAME.— A verdict for $5,000 damages, awarded a brakeman thus injured, whose injuries disabled him for life, was not deemed so excessive as to require a reversal.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Plaintiff filed his petition alleging, in substance, that he was in defendant's employ as brakeman in the yard at Sherman, and, as such, was engaged in setting a car in on the side track. That it was a part of his duty to set the brake on the car, and when he attempted to do so he found that the brake would not hold the car. The car was going down grade, and about to strike another car on the track, and, fearing it would knock the other car off, he got down off that car and ran along by the side of the track until he got to the standing car, to see if the brake on it was set. That the moving car came down behind him and struck with great force, and re-·

bounded, when something caught him and dragged him between the cars, and he was injured.

Defendant answered by general denial, and specially that the brake was of the kind used by railroads, was in good condition when put upon its railroad, and it had no notice of any defect in it; also that plaintiff was injured through his own negligence; that the cars being wet and slippery, he attempted to jump from one car to the other, and that plaintiff recklessly ran in front of the car which was moving.

Plaintiff filed a supplemental petition alleging that he acted as a prudent man would under the circumstances.

Verdict for plaintiff for $5,666.66⅔.

The plaintiff testified that, as employee of the defendant company as brakeman, he was, on the 24th of November, 1880, with one Barnett, ordered to set an empty box car on the oil mill side of the track. The engineer backed the cars in and out, and gave the usual push, when Barnett asked if I was ready. I suppose he understood me to say I was, and he cut the car loose before I got to the brake. I tried the brake and found I could not check the car with it; it would not draw up so as to tighten the brake; tried it three times with same result; then started down from the car, but went back and tried it again; it would not have any effect on the car. There were two or three cars on the side track, and at the end, and as some cars had been knocked off, and caused a great deal of trouble, I saw there would be a collision, and those cars would be knocked off and injured when the car I was on should strike them, and I ran down from the top of the car I was on, and ran along the side of the track ahead of the moving car, and when I reached the standing car, I reached under with my left foot at the brake beam to see if the brake was set. I found that it was, and looked back and found that the other was coming and was right at me, and started to step away when it struck the standing car, and something caught my clothes and pulled me in between the cars as it rebounded from the shock. I saw that I could not get out, and as the car came back it caught me on the draw-head. I raised myself on my toes so that the link passed under the button, but the draw-head caught my left hip between them, and held me fast, until the hands came and released me. I was confined to my bed about two months, and it was about nine months before I was able to do any work; have not been able to work about one-third of the time since that as a shoe-maker, which trade I had learned before; was getting $2 a day at the time of injury; one leg is shorter now than the other, and I am stiff

in the back when I sit long, causing pain. I suffer most of the time in my hips, as if something was sticking my flesh. There was a hurt in front and the bone on the upper part of the left hip was broken; cannot walk far at a time; was strong before.

He testified that he did not know that the brake was defective; had not worked on that car before; the car was a large one; "ordinarily there would be no danger in going where I did, after I got down off the car that had the defective brake, and I did not think I was running any risk in doing this to protect defendant's property."

"It was a rule of the company that all empty freight cars should be inspected at this station, before being loaded, which was the case with this one, and had this car been properly inspected the defect in the brake could not have escaped detection. I do not know what caught me, but something caught my clothes, and pulled me between the cars at the ends on the outside. I stood with my right foot on the outside of the rail and kicked the brake beam on the standing car with my left foot. This brought my body against the end of the standing car. Had worked as brakeman for about six months before being employed by defendant."

*T. J. Brown,* for appellant, cited: Wood on M. & S., p. 692, § 332; 346, p. 70; id., 386, pp. 743–44; Thompson on Neg., vol. 2, p. 1084; Sutherland on Dam., pp. 56, 57.

*Hare & Head,* for appellee, cited: Scott *v.* Hunter, 46 Pa. St., 192; Pittsburg *v.* Grier, 22 Pa. St., 54; Dickinson *v.* Boyle, 17 Pick., 78; Myers *v.* Malcolm, 6 Hill, 292; Metallic, etc., Co. *v.* Fitchburg R. R. Co., 109 Mass., 277; Atkinson *v.* Newcastle, etc., Co., L. R., 6 Exch., 404; R'y Co. *v.* Keighron, 74 Pa. St., 316; White *v.* R'y, 5 Dillon, 428, 437; Milwaukee, etc., R. R. Co. *v.* Kellogg, 94 U. S.; Thomp. on Neg., vol. 2, p. 1091; C. & M. R'y Co. *v.* St. Paul R'y Co., 50 Wis., 381.

West, Associate Justice.— The court in its main charge presented fairly enough, to the consideration of the jury, the principal issues in the case. The court, also, in connection with its own charge, gave the following instructions at the instance of the appellant:

"1st. It devolves upon the plaintiff in this case to prove that the brake on this car was so defective, that, by proper use of it, the work for which it was intended could not be performed.

"2d. That the injury to plaintiff was caused by the defects in the brake.

" 3d. That he did not know of the defect in the brake, and by proper care could not have known it.

" 4th. That the defendant or its officers knew, or in the exercise of proper diligence ought to have known of it. If the evidence does not satisfy you of the truth of these propositions, you will find for the defendant.

" 5th. The evidence must satisfy you that the injury received resulted from the defect in the brake, and if you cannot, from the evidence, determine that the said defect did cause the injury, you will find for the defendant.

" 6th. If you believe from the evidence that, after plaintiff discovered the defective condition of the brake, he safely disconnected himself from the car, and afterwards voluntarily went into a position of danger, and was thereby injured, he cannot recover unless you believe a man of ordinary prudence would so have acted under like circumstances."

Under the main charge of the court and the above instructions (and others given), the jury proceeded to examine the evidence adduced on the trial. They, by their verdict, found that the injuries received by the appellee resulted directly from the defects in the brake as the proximate cause thereof.

They also found that the appellant was guilty of culpable negligence in failing to discover, as it should have done, the defect in the brake, and in not repairing it at once.

The verdict seems to be large, but the evidence shows that the injuries to the appellee were serious and permanent, and no complaint is made by appellant of the verdict on the ground that it is excessive.

After a careful examination of the case, there appears to be no material error in the record. The judgment of the district court is therefore affirmed.

AFFIRMED.

[Opinion delivered June 3, 1884.]