Gulf, Colorado & Santa Fe Railway Company v.
W. H. Johnson.

No. 3131.

1. **Master and Servant—Defective Machinery.**—When machinery furnished by a railway company is rendered dangerous by reason of defects therein while in use by its employes, and the defects are open and patent to common observation and should have been seen by the employe had he exercised such prudence as a man of ordinary prudence would have exercised under like circumstances, he can not recover for injuries received because of such defects while operating the machinery. Such risks are incident to his employment.

2. **Same—Pleading.**—The petition in action for damages for injuries received by a railway employe from a defective hand car described the car as "wholly unfit for use, with its boxes in its wheels loose, permitting said wheels to slip in and out of said boxes, and with the joints of the lever of said car and all of the other joints loose;" that the defects rendered its use very dangerous and that defendant knew of such danger, and that plaintiff was wholly ignorant of that fact. *Held*, that the petition was sufficient. The question of knowledge of the defects and of care by plaintiff was one of fact for the jury.

3. **Evidence, Relevant.**—The plaintiff as witness testified, that he did not know of the defects in the hand car when he was injured; that a week or ten days afterward he examined the car and found it in the condition alleged. This was relevant, there being no reason to believe that the car was not in same condition.

4. **Practice—Recalling Witness.**—It was within the discretion of the trial judge to permit a witness to be recalled after he had been examined, cross-examined, reexamined, and discharged. Rev. Stats., art. 1298. This discretion will not be revised unless abused.

5. **Examination of Witness—Variance.**—The plaintiff having testified to the manner he was injured in jumping from the hand car, was asked on cross-examination to explain why he alleged in his petition that he was thrown from the car. The court sustained objections to the question. This ruling was correct. The variance, if any, between his allegations and testimony showing for itself, his explanations would not make it more apparent.

6. **Argument of Counsel.**—Where objectionable remarks of counsel when objected to are withdrawn promptly by counsel making them and the court instructed the jury to disregard them, such remarks are not a ground for reversal.

7. **Impeaching Witness—Irrelevant Questions.**—An important witness for the defense on cross-examination was required by the court, over objection by defendant, to admit that "he was a deserter from the United States Army." This was error. A witness can not be impeached in such way.

**8. Charge—Degree of Care Required in Machinery.**—A railway company is only bound to use ordinary care to provide safe machinery for its employes. A charge failing to give such rule, but making the liability exist if the defects were "known or should have been known to the defendant," is error. The proper rule was requested by defendant but refused by the court.

**9. Fellow Servant—Joint Neglect with Master.**—It is the negligent act of the fellow servant that excuses the employer, and such negligent act must not be coupled with negligence of the employer which also contributed to the injury.

**10. Allegata and Probata.**—The petition alleged, that the plaintiff was injured by being thrown from a hand car, circumstances being shown. The testimony showed that the car was suddenly stopped, and plaintiff, to save himself from apparent danger, "jumped from the car." *Held,* no material variance.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Alexander & Clark* and *J. W. Terry,* for appellant.—1. (1) The liability of a railway company to its employe is that of master to servant. (2) The measure of the master's duty to his servant is reasonable care or ordinary diligence. (3) A railway company is liable to its employes for injuries resulting from the use of defective machinery in the discharge of their duty, provided the company knew or could have known by the exercise of reasonable care that the same was so defective. This rule is subject to a qualification founded in reason; and that is, if the employe knew or could have known by the exercise of ordinary care on his part of the defective condition of the machinery, he can not recover, unless the defects had been made known to the company, and at its request the employe continued his employment, with the assurance of the company that it would remove the danger. Railway v. Myers, 55 Texas, 110; Railway v. Drew, 59 Texas, 10; Railway v. Donnelly, 70 Texas 373; Patterson on Ry. Acc. Law, secs. 283, 284; Pierce on Rys., p. 370; Wood's Mast. and Serv., sec. 329.

2. A master is not liable to his servant for damage resulting from the negligence of his fellow servant in the course of their common employment, unless it be shown that the servant causing the injury was incompetent to discharge his duty, and that his incompetency was known to the master. Railway v. Schmidt, 61 Texas, 285; Railway v. Hughes, 68 Texas, 290; Railway v. Blohn, 73 Texas, 637; Miller v. Baker, 20 Pick., 288; Wait v. McNeil, 7 Mass., 211; Davis v. Jenney, 1 Metc., 221; Coffin v. Ins. Co., 15 Pick., 291.

3. To entitle the servant to recover of the master for personal injuries received by the servant in his employment, the evidence must show that the injured person did only what a prudent person would have done under the same circumstances, and that the injuries resulted from the master's failure to exercise reasonable care to protect his servant and to prevent his injury. Railway v. Wallen, 65 Texas, 568;

Railway v. Beatty, 73 Texas, 592; Railway v. Lempe, 59 Texas, 19; Railway v. Drew, 59 Texas, 10; Railway v. Crowder, 63 Texas, 503; Railway v. Bradford, 66 Texas, 732; Murray v. Railway, 73 Texas, 2.

No brief for the appellee reached the Reporter.

COLLARD, JUDGE, *Section A.*—This is a suit for damages, by appellee against appellant, alleged to have been caused while he was in the discharge of his duty as an employe of defendant, by the derailing of a hand car. He recovered judgment for $2000, and defendant has appealed.

The first assignment of error is, that the court should have sustained defendant's general demurrer and special exceptions to the petition, because it appeared therefrom that the defects in the hand car, the alleged cause of its derailment, were known to defendant, or would have been know to him if he had exercised ordinary care. The defects alleged were, that the hand car "was wholly unfit for use, with its boxes in the wheels loose, permitting said wheels to slip in and out of said axles, and with the joints of the lever of said hand car and all of the other joints loose." It was also alleged, that such defects rendered its use very dangerous; that defendant knew of such danger, and that plaintiff was wholly ignorant of the fact.

When machinery furnished by a railway company is rendered dangerous by reason of defects therein while in use by its employes, and the defects are open and patent to common observation, and should have been seen by the employe had he exercised such prudence as a man of ordinary prudence would have exercised under like circumstances, he can not recover for injuries received because of such defects while operating the machinery. Such risks are incident to his employment. Railway v. Lemon, ante, p. 143, and authorities cited. The petition in this case does not show that plaintiff knew or ought to have known of the defects in the hand car. The intervention of a jury, under proper instructions, would be required to determine the fact. The court could not do so on demurrer or exceptions.

Plaintiff testified, that he did not know the condition of the hand car at the time he was injured, but examined it some week or ten days after, and found it in the condition alleged. It is insisted by appellant that the admission of this testimony over defendant's objections was erroneous, because the question was, what was the condition of the hand car at the time of the accident? We can not sustain the assignment. The testimony was to the point in issue, and there was no inference deducible from it that it was not in the same condition when the accident occurred that it was when plaintiff examined it.

The court permitted plaintiff to recall to the stand his witness Dr. Robertson, after he had been examined, cross-examined, re-examined,

and discharged, to testify to material facts concerning the partial dislocation of plaintiff's hip, attributed to the derailment of the hand car. This ruling is assigned as error upon bills of exception reserved at the time.    There was no error.    The statute provides, that "the court may in its discretion at any time before the conclusion of the argument, where it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and limitations as the court may prescribe."    Rev. Stats., art. 1298. We know of no absolute rule imposing upon the court the duty of refusing to hear a witness testify further as to important facts within his knowledge after he has once been examined and discharged.    Such matters are in the discretion of the presiding judge.    In the instance before us there is nothing calling for a criticism of the court's ruling, or showing that he had abused his discretion.

It is insisted by appellant, that the court erred, as shown by bill of exceptions, in sustaining plaintiff's objection to the following question: "Mr. Johnson, you have testified as to how you were injured and as to the extent of your injuries.    Will you now please explain to the jury why you alleged in your petition [reading from the petition], 'Said hand car ran off the track and threw this plaintiff violently to the ground a distance of several feet, and that in said fall this plaintiff received and suffered great bodily injuries; that his right hip was dislocated and his back seriously sprained?'"    The assignment says: "The court erred, because plaintiff had testified that he was not thrown from the car, but jumped from the car and lit on his feet, and that his back was not sprained—the evidence in response to the question being sought to show the jury the variance between the plaintiff's allegata and probata."

We do not see how the plaintiff's explanation of his petition, its allegations, and why they were made, could aid the court or jury in deciding whether there was a variance or not.    The question assumed that there was a variance.    If there was, it showed for itself, and plaintiff's explanation of his pleading would not make it more apparent.    Besides, as will be seen further on, the assumption of variance was not correct according to the plaintiff's testimony as we understand it.

It is claimed that the court erred "in permitting plaintiff's attorney in his argument to state: 'Gentlemen, about what should be the measure of damages in a case where the plaintiff is permanently injured, and, unable to make a living but by manual labor, is compelled to go through life a pauper? Should he be turned out on the public an object of charity?'    Because such remarks were without evidence, and were intended and no doubt had the effect of wrongfully influencing the jury to find for plaintiff."

When objection was made to this speech by defendant, plaintiff's counsel immediately withdrew it and requested the jury not to consider it. The court sustained the objection, and instructed the jury not to consider it.

If the remarks were improper, not authorized by the testimony, the course pursued by the plaintiff's attorney and the prompt ruling of the court corrected the error. The jury assuredly after this could not have been left with prejudiced minds against defendant on this account.

It may now be necessary to state the facts of the case more fully in order to better understand the issues. Plaintiff testified substantially to the facts alleged in his petition. Including plaintiff, there were five men on the hand car—section hands in the employ of defendant; they were returning from their work to the section house where they boarded and slept. Plaintiff and another man were in the fore part of the car pumping at the front lever; the other three were behind pumping at the rear lever. The car was moving on a curve at from two to three miles an hour, when the fore wheels ran off the rails on to the ties, the hind wheels remaining on the track. The car stopped suddenly, and plaintiff testifies, "I was thrown off and injured." His expressions as to being thrown off are not always the same, though, as we think, to about the same effect. He says: "I was thrown over the lever. I saw I was going to fall and had to "sorter" jump to save myself. If I had not jumped I would have been thrown over on my head * * * I was thrown forward and "sorter" jumped to save myself, as I thought, from falling on my head, and caught on my foot, with my full weight upon the ground. I was hurt very badly." He says, besides the injury to his hip, his back was severely wrenched. "I was not knocked off the car; there was nothing to knock me off. I was thrown off by the hand car jumping the track and its sudden stopping. I saw that I was falling, and I thought I would be thrown on my head and jumped to save myself as much as possible. It was just my belief that I would be thrown on my head if I did not jump. It was not a fact that I stepped off the car like the rest of them [after it stopped]. I was thrown off as I have stated." He proceeds to state many facts to show that the main hurt was in the hip joint; that he suffered severely a long time, is still suffering, and is probably maimed for life. He says the derailment was caused by the alleged defects in the car.

One J. W. Osgood was an important witness for defendant, and was an employe on the car with plaintiff when the accident occurred. He explains how he thinks the car was derailed. "There were three of us at the hind lever, and Johnson and Ussory were at the front lever, with their backs to me. We gave a heavy pull with the hind lever, and the front wheels jumped off the track. We three heavy men on the rear end of the car, with two light men in front, with our giving a

jerk and being on a curve, was the cause of the front wheels getting off the track * * * It stopped right away, nearly. Johnson stepped off the car, on his feet. He stepped off the car after the car stopped. When the front part of the car got off the rails and the car stopped, Johnson got off, and the balance of us staid on the car until it stopped." This witness testifies to other facts, which if true tend strongly to show that plaintiff was not hurt at the time alleged; that he had an old hurt or some other ailment of the hip. His testimony, if credited by the jury, it seems should have defeated plaintiff's case before the jury. The court required him to state, over objections of defendant, that he was a deserter from the United States Army. The record does not show that he claimed the privilege of silence, or that he declined to answer. The objection was made by defendant's attorneys, upon the ground that the matter was irrelevant, was not the proper way to impeach the credibility of the witness, and that it was an attempt to make the witness criminate himself. The assignment of error addressed to this ruling should be sustained. The testimony was wholly irrelevant to any issue in the case. The object of it was to break down the witness' character before the jury and to discredit his testimony. A witness can not be impeached in such way. Boon v. Weathered, 23 Texas, 675; Weir v. McGee, 25 Texas Sup., 20; Johnson v. Brown, 51 Texas, 65.

The court's charge omitted to explain to the jury the degree of care required of defendant in ascertaining the alleged defects in the hand car as a condition of liability, merely stating that if they were "known or should have been known to defendant," etc. As insisted in the assignment of error on the point, defendant was only bound to use ordinary care. The charge left it to the jury to determine for themselves whether extraordinary or ordinary care should have been used by defendant. The error in the charge is rendered more apparent by the refusal of a charge requested by defendant, in which the jury are told that ordinary diligence was required of defendant in discovering the defects. Defendant was only bound to such care as a person of ordinary prudence would have exercised under similar circumstances. This should have been explained to the jury. Railway v. McAtee, 61 Texas, 695; Railway v. Dunham, 49 Texas, 181; Railway v. Bradford, 66 Texas, 735.

The charge of the court on the subject of the negligence of fellow servants causing the injury was, that if the same "was brought about by the acts of the employes of the defendant" plaintiff could not recover. This charge, standing alone, would be sufficient; at least as favorable to defendant as could be asked. It should, however, be borne in mind in this connection that it is the negligent act of the fellow servant that excuses the employer, and such negligent act must not be coupled with negligence of the employer which also contributed to the injury. The

court instructed the jury, that if plaintiff by his own acts did anything which brought about or contributed towards bringing about the accident complained of "he can not recover." This being given, it was not necessary to instruct the jury as requested by defendant specifically about plaintiff's jumping and whether the jumping was or not negligent under the circumstances. The charge of the court would have been better and not so favorable to defendant as the one given if it had said: "If plaintiff did any act that a man of ordinary prudence would not have done under like circumstances, and such act caused the injury or contributed to it, plaintiff could not recover." These elements constituting contributory negligence were contained in the requested charge as to plaintiff jumping from the hand car when he says he was in the act of falling; but that did not make it necessary for the court to adopt the same, having already given an instruction on the subject more favorable to defendant than was demanded. Plaintiff has not complained and defendant can not.

We do not think we should hold that there was a variance in the proof and the allegations of plaintiff's case upon the ground claimed, that the proof was he *jumped* from the hand car and was so injured. The averment is that he was thrown from the car. His evidence bears the construction that he jumped while in the act of falling to save himself from more serious anticipated injury; it would be extremely technical to hold in such case that the proof does not correspond with the allegations, or that it was not admissible thereunder. The sensible meaning of the allegation and the proof is not obnoxious to the rule that the allegata and probata must correspond.

It is not our province at this time to approve or disapprove the verdict. We may say that the evidence was conflicting as to the alleged defects in the car, whether the injury complained of was inflicted at the time of the accident or whether it was done, if at all, by plaintiff's own negligence, but we should not express any opinion as to the conclusions of the jury upon the evidence.

Because of error herein pointed out in the court's rulings and charge, we conclude that the judgment of the lower court should be reversed and the cause remanded.

*Reversed and remanded.*