KATE TIPTON v. B. F. THOMPSON ET AL.

Decided April 19, 1899.

1. **Evidence—Liquor Dealer's Bond—Wife's Consent to Sale to Husband.**

In a prosecution on a liquor dealer's bond for selling intoxicants to plaintiff's husband, evidence that, after notifying the dealer not to sell to him, plaintiff had sought through others to procure liquor for her husband from defendant and others, was admissible to show that she consented to the sale.

2. **Evidence—Suit on Liquor Dealer's Bond—Reputation of Prosecutor for Chastity.**

It was error, in a suit by a wife for selling liquor to her husband after notice not to do so, to admit evidence that the prosecutrix bore a bad reputation for chastity and was reputed keeper of a house of prostitution.

3. **Same—Person Aggrieved.**

"Person aggrieved," in the statute, is simply a designation of the class of persons entitled to sue, and evidence of character is not admissible to show that the prosecutrix was not in fact aggrieved.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH.

*Lancaster, Beall & Gammon* and *F. M. Cunyus,* for appellant.

*S. P. Skinner,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by Mrs. Kate Tipton to recover against Thompson and the sureties on his bond as a liquor dealer for the penalty prescribed by article 3380 of the Revised Civil Statutes for the sale of liquor to her husband, which in effect provided among other things that a liquor dealer shall not sell liquor to any person after having been notified in writing through the sheriff or other peace officer, by the wife, mother, or sister, not to sell to such person, and which gives

the right of action on said bond to recover the penalty, by any person or persons aggrieved by the violation of its provisions. Verdict and judgment went against Mrs. Tipton and in favor of the defendants.

The first three assignments of error complain of the ruling of the court in admitting the testimony of certain witnesses which had a tendency to show that the plaintiff, Mrs. Tipton, sought through them to procure whisky for her husband from the defendant's saloon and that of others. From the manner in which the question is presented, we apprehend that the trial court permitted this evidence to be introduced for the purpose of showing that Mrs. Tipton was not aggrieved by the sale of liquor to her husband. This effort upon her part to have liquor sold to her husband, it seems, was made after the defendant had been notified not to sell whisky to him.

The testimony was admissible for the purpose of showing that she consented to the sale, and if it is true that she did consent, after she gave the notice not to sell, it might be considered in defeating her right to recover.

The court admitted the evidence of a number of witnesses to the effect that the reputation of the plaintiff for chastity was bad, and it was generally reputed that she kept a house of prostitution. There is also evidence in the record which shows that she kept a boarding-house. The court admitted this testimony evidently for the purpose, and so instructed the jury, that they might consider it in determining whether or not Mrs. Tipton was in fact aggrieved by the sale of liquor to her husband.

This testimony, in our opinion, was not admissible for any purpose in this controversy. Mrs. Tipton's reputation for chastity was not an issue in the case. It would have been proper to inquire into her general reputation for truth and veracity, as she had testified in her behalf, but we do not understand that, in order to defeat or affect a plaintiff's right to recover, it is permissible to prove his good or bad moral character. Boone v. Weathered, 23 Texas, 675; Johnson v. Brown, 51 Texas, 65; Railway v. Johnson, 83 Texas, 633; Herring v. Patten, 18 Texas Civ. App., 147; Railway v. Runnels, 46 S. W. Rep., 395; Insurance Co. v. Farris, 35 S. W. Rep., 55.

In some instances there are exceptions to this rule, where character may be necessarily involved in the subject of controversy, but this does not fall within that class of cases. The right here exists under the statute. It is given to the wife after notice not to sell, and the penalty of $500 is absolute and unconditional. The word "aggrieved," in our opinion, simply relates to the classes of persons that are entitled to sue, and it was not the purpose of the statute to require the plaintiff to prove, in order to recover, that she was actually aggrieved by the sale. Petty v. Goss, 90 Texas, 90; Qualls v. Sales, 18 Texas Civ. App., 400; Wright v. Tipton, 46 S. W. Rep., 629; Peevy v. Goss, 37 S. W. Rep., 317.

Therefore, we hold that it was error for the court to admit this testimony and to give the charge instructing the jury that they could consider such evidence in determining whether or not the plaintiff was aggrieved.

The court should have given some such charge as that requested, as stated in the eighth and tenth assignments of errors; but, however, subject to the qualification that if the plaintiff afterwards consented to the sale of liquor to her husband, or was guilty of conduct from which the jury might infer such consent, then she could not recover.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*