### J. S. POYNOR v. CHARLES HOLZGRAF ET AL.

Decided March 16, 1904.

**1.—Evidence.**

In a prosecution for breach of a liquor dealer's bond for selling intoxicants to plaintiff's minor son, it was error to permit defendant to prove that such minor was reputed to be or that he was in fact a gambler.

**2.—Same—Age—Comparison.**

In a suit for selling liquor to a minor is was not permissible for defendant to place witnesses on the stand merely to ask them their age, whether for comparison with the appearance of the alleged minor or for any other purpose.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

*A. J. Harris,* for appellant.

*G. W. Tyler* and *J. B. McMahon,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit upon a liquor dealer's bond, charging the dealer with unlawfully selling liquor to the plaintiff's minor sons. There was a verdict and judgment for the defendants and the plaintiff has appealed.

The first assignment of error complains of the action of the court in permitting the defendants to prove by the plaintiff that his son, Tom Poynor, one of the parties to whom it was alleged the liquor was unlawfully sold, had the reputation of being a gambler; and the seventh assignment is addressed to the ruling permitting the defendants to prove by Tom Poynor, while on cross-examination, that he was a gambler. The evidence referred to in these assignments was not admissible, and the plaintiff's objections thereto should have been sustained. Tipton v. Thompson, 50 S. W. Rep., 641, and cases there cited.

The tenth assignment complains because the defendants were permitted to place four witnesses on the stand and merely prove by each witness his age, the contention being that such proceeding was a "stage play" by the defendants and should not have been permitted. We fail to perceive from the record that the matter complained of was material, or had any bearing, one way or the other, upon the case. If the object of the defendants was to enable the jury to make comparisons between the four witnesses, whose ages ranged from 18 to 21, and the persons to whom it was charged the liquor was sold, we are of opinion that it was not proper to institute such comparisons. And if such was not the object of the proceeding referred to, then it was wholly immaterial, and should not have been permitted.

We are of the opinion that the denunciatory remarks of the defendants' counsel, complained of in the twelfth bill of exceptions, crossed

the border line of legitimate discussion, and should not be repeated upon another trial.

On all the other points presented in the brief we rule against appellant.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*