RIGGINS v. SASS et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 24, 1912.)

1. BROKERS (§ 85*)—ACTION FOR COMMISSION—ADMISSIBILITY OF EVIDENCE—LETTER.

In a broker's action for commission, a letter written by defendant, after a meeting between himself and the broker, at which defendant had agreed to sell the land at $16.50 per acre, confirmatory of the broker's claim that he had authority in an original agreement to sell for less than $20 an acre, and that 5 per cent. commission would be paid on whatever price the land was sold for, was admissible as bearing on the broker's authority.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 85.*]

2. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—MISCONDUCT OF COUNSEL.

A letter from the owner of land, admissible in a broker's action for commission as bearing on his authority, was introduced with a remark indicating that it was written with a view to enticing prospective purchasers. *Held*, that the remark, though improper, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

3. TRIAL (§ 133*)—ARGUMENT AND CONDUCT OF COUNSEL—ACTION OF COURT.

Counsel, when interrupted in his speech, said, "Oh, yes, when we are boring into them, they jump to their feet and except," and the court promptly reprimanded him, and instructed the jury not to regard his remark. *Held*, that such remark was not prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

4. TRIAL (§ 187*)—INSTRUCTIONS—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

Where a broker, in his action for commission, testified that defendant said he would give him $1 per acre if he would colonize it, and that he told the defendant that it was not equitable, that it was worth more to sell land for $35 per acre than for $15 per acre, and that he wanted 5 per cent. on whatever amount he could get for the land, and that defendant agreed to that, a requested instruction that the uncontroverted evidence showed that defendant agreed to pay 5 per cent. for selling the land, provided it sold at $20 per acre, was properly refused, as an invasion of the province of the jury to pass upon the credibility of the witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 414–419; Dec. Dig. § 187.*]

Appeal from Fayette County Court; George Willrich, Judge.

Action by Ben Sass and another against J. W. Riggins. Judgment for plaintiffs, and defendant appeals. Affirmed.

Brown & Lane, for appellant. John T. Duncan, for appellees.

FLY, J. This is a suit instituted by appellee, Ben Sass, to recover commissions on the sale of land made by G. A. Heilig for appellant. It was alleged that Heilig sold certain lands for appellant for $34,386, for which service he had agreed to pay Heilig 5 per cent. out of the sum received for the land, amounting to $1,719.30, of which sum he had paid $1,000, and the balance of the debt had been assigned to Sass by Heilig, and the payment guaranteed by the latter. The cause was tried by jury, and resulted in a verdict and judgment for Sass against appellant, as principal, and Heilig, as guarantor, for $719.30. This is a second appeal. 127 S. W. 1064.

[1, 2] The first assignment of error assails the action of the court in admitting in evidence a letter, dated January 25, 1907, written by appellant to Heilig, in which there is an admission that appellant was willing that the land be sold at $16.50 an acre. The letter was written after a meeting between appellant and Heilig at Hearne, where appellant had agreed to sell the land for $16.50 an acre. The letter was confirmatory of the claim made by Heilig that he had authority in the original agreement, at the Lester Hotel in La Grange, to sell for less than $20; and that 5 per cent. commission would be paid on whatever price the land was sold for. The letter was properly admitted for the purpose intimated, whatever ulterior purpose the counsel of Sass may have had in offering it. That it was introduced for a different purpose is, perhaps, indicated by the remarks of counsel that the letter was written "with the view and purpose of enticing prospective purchasers into a purchase of the land." That argument may have been improper, and should not have been indulged in, but we cannot conceive how it had the effect "surreptitiously to poison the minds of the jury and engender in them a feeling of prejudice" against appellant; and neither does appellant claim that it did so affect the jury, but merely that the attorney had the expectation that it would so affect the jury. We must give the jury the credit of possessing some intelligence and a measure of fairness and honesty, and the remarks were not of such inflammatory character as to arouse any kind of a jury to such a pitch of prejudice as to forget their oaths and duties as citizens and jurors. Even if appellant had been shown to have written the letter with a view to entice purchasers to buy, the latter were not, presumably, on the jury, and there was no cause for anybody else to become inflamed about it.

[3] Counsel, when interrupted in his speech, should not have said, "Oh, yes, when we are boring into them, they jump to their feet and except," and, although such remarks may have been "insulting and insolent," as claimed by appellant, the court promptly reprimanded counsel, and instructed the jury not to regard them. That was all that he could do, and we are not prepared to hold that the ebullient language of the enthusiastic attorney had more weight and influence with the jury than the instructions of the judge, coupled with a rebuke to counsel for the use of such language. Railway v. Johnson, 83 Tex. 628, 19 S. W. 151; Hogan v. Railway, 88 Tex.

679, 32 S. W. 1035. This, also, disposes of the objection in the fourth assignment of error to language used by counsel for Sass.

[4] The special charge, the refusal of which is complained of in the fifth assignment of error, was to the effect that the uncontroverted evidence showed that appellant agreed to pay Heilig 5 per cent. for his services in selling the land, provided it sold at $20 an acre, and was properly refused, because the evidence was not uncontroverted on that point. Heilig, testifying as to his agreement in La Grange with appellant, stated: "He said he would give me $1 per acre if I colonized it. I told him that was not equitable; that it was worth more to sell land for $35 per acre than for $15 per acre; that I wanted 5 per cent. on whatever amount I could get for the land, and he agreed to that." The charge would have been an invasion of the peculiar right of the jury to pass upon the credibility of the witnesses and the weight of the testimony. Heilig swore that he never agreed to the proposition, made through appellant's letter of December 15, 1906, wherein he offered to pay Heilig $1,000 for his services if the land sold for less than $20 an acre, and stated he did not remember having received the letter. Heilig testified that he wrote to appellant that there was a mistake about the $1,000; "that the commission was 5 per cent." The jury seem to have credited the evidence of Heilig, as they had the undoubted right to do.

The judgment is affirmed.