W. E. PITTMAN, Appellant,

v.

Ray BALADEZ, Appellee.

No. 10509.

Court of Civil Appeals of Texas.

Austin.

July 10, 1957.

Rehearing Denied Aug. 7, 1957.

Hammond & Hammond, Burnet, McKay & Avery, Austin, for appellant.

W. K. McClain, Georgetown, S. E. Wilcox, Jr., Abilene, for appellee.

GRAY, Justice.

Appellant, W. E. Pittman, sued appellee, Ray Baladez, for property damage sustained when a truck owned by him and operated by C. D. Wallis was in collision with a pickup truck operated by appellee. Appellee answered and filed a cross action against appellant to recover for personal injuries. Each party alleged that the driver of the other vehicle was negligent in various respects and that each alleged act of negligence was a proximate cause of the collision.

The collision occurred Sunday, October 16, 1955, at about 7:30 P.M., on highway 29 about two and one half miles west or northwest of Liberty Hill in Williamson County. The highway was a paved highway with the pavement approximately twenty feet wide and having a center line or stripe. Said highway runs generally from an easterly to a westerly direction and the portion material here may be described as follows: going west it makes a slight turn to the right, goes down an incline, crosses a bridge, goes up an incline and makes a slight curve to the left. It appears that after leaving this last curve the highway is straight for a distance. It was at or near the point where the highway leaves this last curve (going west) that the collision occurred.

The drivers were alone in the respective vehicles, were driving with their lights on, and, except the drivers, there were no eyewitnesses to the collision.

Appellant's truck was a 1953 International and it pulled a shop-made tandem trailer. It was operated under authority granted by the Railroad Commission of Texas and at the time it was proceeding in an easterly direction from Midland to Houston with the trailer pulled up on the tractor. The weight of the entire unit was 18,200 pounds. Appellee was driving west in a 1939 Ford half-ton pickup truck, described as "an old black Ford pickup."

The damage to the truck was to its left front fender, left front wheel with further damage to its alignment, etc. The damage to the pickup was to its left front fender, left front wheel and generally to its left side.

There is no evidence that the driver of the truck sustained any personal injuries. Appellee was driving with his left arm resting in the window of the pickup and he sustained a fractured skull, lacerations on his head and face and a mangled and crushed left arm. He was rendered unconscious and was first taken to a hospital in Bertram, Texas, there given emergency treatment and was then sent, by ambulance, to a hospital in Austin where his left arm and entire left shoulder joint was removed. He remained in the hosital in Austin until he had sufficiently recovered to permit his return to his home in Bertram where he was under a doctor's care for a time.

A jury trial resulted in a judgment that appellant take nothing by his suit and that appellee recover judgment against appellant for $35,000.

Appellant filed an amended motion for a new trial and, among other things, alleged jury misconduct in that during its deliberations the jury discussed insurance, attorney's fees and further alleged that after the jury was discharged and out of the courtroom appellee's attorney told the jury (in substance) that they would probably be contacted relative to their deliberations and that they were not obligated to make any statement but that they had the right to do so if they so desired. A hearing was had on the motion, the same was overruled and findings of fact and conclusions of law were filed. There is also before us a statement of facts showing the testimony heard.

Appellant here presents eighteen points of alleged error. These points will not be stated but we will consider and dispose of each.

Appellee and appellant's driver both testified at the trial, each accused the other of negligently operating his vehicle and there was also debris (dirt, glass, small pieces of human bone and other substances) left on the highway. There was also evidence offered tending to show on which side of the center line of the highway was the actual point of impact of the vehicles.

Appellant called H. H. Dodson as a witness. He testified that he lived four miles west of Liberty Hill, that he went to church there each Sunday night and that in so doing he traveled the highway in question. He further testified that he remembered something about a wreck at or near the place in question. He was not certain of the date other than that it was Sunday night in October, 1955, and upon being shown a picture of appellant's truck he would not identify it as the truck he saw at the scene of the wreck. In the absence of the jury he testified that on Sunday night in October, 1955, he was driving east toward Liberty Hill at about 7:15 P.M. and that about a mile or mile and one half east on the highway from where the collision in question occurred and as he was coming into a slight turn he met a pickup coming west, that it had already entered the turn and that it forced him off of the pavement. He could not identify the driver nor the pickup other than that it was an old pickup and was a dark color. He further said that as he came back by the point where the collision in question occurred he saw some evidence showing there had been a wreck, and that he saw two trucks but did not know what kind they were. At this point the picture supra was shown to him. Upon appellee's objection the evidence was excluded. Appellant excepted and took his bill of exception and Dodson was excused. Subsequent to this time and after appellant had rested his case appellee testified as a witness in his own behalf and upon cross-examination by appellant he was asked if he met H. H. Dodson on the highway just prior to the collision and answered that he did. Appellant then tendered all of the evidence

of the witness Dodson inclusive of that shown in his bill of exception. Appellee objected on the ground that he did not have adequate opportunity for cross-examination. The objection was sustained but the trial court then advised appellant that the testimony of Dodson as originally tendered would be admitted. Appellant then advised the court that the witness had left the court, returned to his home and was not available and stated that he would not insist on recalling the witness in person but would stand on and urge his bill of exceptions as originally taken. It is not shown whether Dodson was merely excused from the witness stand, whether he was discharged by the court or whether he voluntarily left.

Rule 270, Texas Rules of Civil Procedure, provides that at any time the court may permit additional evidence to be offered if necessary to the due administration of justice provided that in a jury case evidence on a . controversial matter shall not be received after the verdict.

Long prior to the adoption of Rule 270 supra the statutes, which are its source, authorized trial courts to permit witnesses to be recalled after they had testified and had been discharged if it was necessary to the due administration of justice. Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Tex. 628, 19 S.W. 151. Moreover, if appellant permitted the witness Dodson to be excused and to go home he did so with the implied knowledge of the provisions of Rule 270 supra, that is, with the implied knowledge of "the possibility, if not probability, that the case would be reopened prior to" the verdict of the jury. Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872, 878. Rehearing denied, Tex.Com.App., 10 S.W.2d 537.

Appellant was afforded an opportunity to introduce by the witness Dodson the evidence he complains was erroneously excluded and he declined to accept. There is no showing that Dodson could not be recalled, appellant advised the court "that he would not insist on recalling the witness in person." In this state of the record it cannot be said that appellant was denied the right to introduce evidence and error is not presented.

Appellee called as a witness Joe Spivey, the constable at Liberty Hill. He testified that he had been constable nine years, had been driving an automobile for more than forty years, had worked with highway patrolmen and other officers, had had experience in observing the speed of automobiles, had checked their speed by stop watches, and said that from observation he could tell approximately how fast an automobile was traveling. Over appellant's objection this witness was permitted to testify that he had observed trucks, similar to appellant's, at or near the scene of the collision; that he had checked fifteen or twenty trucks of that type at the scene of the collision; that most of them were going from 50 to 60 miles per hour and that at that speed nine out of ten of the trucks would not stay on its own side of the highway after it made the curve and that their front "will come over every time just after they pass that curve."

The highway and its condition was the same at the time of the observations as at the time of the collision. However there is no evidence that vehicles were meeting the trucks and the observations were made in daylight rather than after dark. Exact similarity of conditions is not necessary to permit introduction of evidence as to experiments but substantial similarity is required. The difference in conditions affects the weight rather than the admissibility of the evidence and the question of difference in the conditions is primarily a question for the trial court. Panhandle S. & F. Ry. Co. v. Haywood, Tex.Civ.App., 227 S.W. 347, er. ref.; Dallas Ry. & Terminal Co. v. Darden, Tex.Com. App., 38 S.W.2d 777; 17 Tex.Jur., Sec. 142, p. 401. Generally it is said that experiments

"* * * should always be based upon facts established in connection with

the occurrence involved, sufficient to show that the experiments had a substantial basis in facts, and that they were made under conditions substantially similar to those surrounding the occurrence." Baker v. Loftin, Tex. Com.App., 222 S.W. 195, 198.

We think the witness Spivey was qualified to testify as to the speed of the trucks observed by him, and, there being evidence in the record as to the speed of appellant's truck at the time of the collision, that error is not presented by his evidence as to his observations made at the place of the collision.

Appellant alleged that appellee was driving the pickup while intoxicated or under the influence of intoxicating liquors. He called as a witness a highway patrolman who testified that while appellee was in the hospital at Bertram he smelled alcohol on his breath. Appellee testified that he had not drunk alcohol in any form. Over appellant's objection appellee introduced witnesses who testified that appellee's general reputation for sobriety was good.

■ Appellee's condition of sobriety at the time of the collision was put in issue by appellant's pleading and by the testimony. In this state of the record evidence of his reputation for sobriety and his habits of sobriety was admissible in support of his denial of intoxication at the time of the collision. Lewis v. Houston Electric Co., 39 Tex.Civ.App. 625, 112 S.W. 593; Mc-Carty v. Gappelberg, Tex.Civ.App., 273 S. W.2d 943, er. ref., n. r. e.

Appellee alleged that:

"Prior to the collision this cross-plaintiff was able to work and support his family, but now he is not, and will not be able to work. Cross-plaintiff was only qualified by training and experience to do farm and ranch day labor, and is not qualified to do any other type of work. The fact that he is now unable to do farm and ranch work is a source of continued worry to this cross-plaintiff, and constitutes mental anguish."

Appellant excepted to this allegation on the ground that it is not alleged that appellee ever had any other source of income other than farm and ranch labor and the allegation is an attempt to charge appellant with a source of worry and mental anguish not proximately resulting from the collision and constitutes a claim for double damages. The exception was overruled.

Appellant briefs his point on the question of appellee's mental worry as to his family.

In connection with the issue inquiring what amount of money would fairly and reasonably compensate appellee for personal injuries sustained by him as a proximate result of the collision, the trial court instructed the jury to consider five specific elements of damage "and none other." There are no objections to the elements of damage so submitted and the element of damage made the subject of the exception and as briefed was not an element of damage so submitted.

■ It may be said that mental suffering, arising because of appellee's apprehension as to his future inability to support his family was not a proximate result of the injury. 13 Tex.Jur. p. 238, Sec. 126. However we are not referred to any evidence, and we have found none, relative to appellee's inability to support his family. Moreover, the trial court specifically limited the jury's consideration to specific elements of damage in arriving at the amount of money to be awarded appellee for his injuries and for which reason we think that in any event reversible error is not presented by the action of the trial court in overruling the special exception.

Appellant complains that the award of damages to appellee is excessive. This is a question to be decided on the facts of this particular case. There is no fixed rule or standard to be accepted in determining whether a verdict in a particular case is in fact excessive except to determine what

amount of money "an honest and impartial jury, uninfluenced by passion, prejudice or other improper motive, may deem adequate" to reasonably and fairly compensate the injured person for injuries sustained. 13 Tex.Jur., Sec. 155, p. 282.

Appellee is an uneducated Latin American skilled only in doing sheep and goat shearing, cotton picking and farm and ranch work. At the time of the collision he was just past 24 years of age with a life expectancy of 43 years. His injuries rendered him incapable of shearing sheep and goats and also picking cotton, all three of which are seasonable occupations. Also his ability to do farm and ranch work is seriously lessened.

The evidence shows that prior to his injury and during the shearing and cotton picking seasons appellee earned from $12 to $16 per day and for farm and ranch work he earned from 60 cents to 70 cents per hour and worked from 8 to 10 hours per day.

The evidence shows that appellee was normal except that for some reason not disclosed by the record he was not accepted by his draft board for military service. The medical testimony shows that because of the absence of his left arm, shoulder joint and muscles there is no known device that can be attached to make his left side useful, and that it is not feasible to attach an artificial arm.

█ We think that a review of cases would not serve any helpful purpose here for the reason that each case must depend on its own facts. 13 Tex.Jur., Sec. 156, p. 284. In the record before us there is no showing that the jury's award of damages was the result of passion, prejudice, improper motive, or that evidence was disregarded or that improper evidence was considered. In this state of the record it cannot be said that the award of damages was excessive. 13 Tex.Jur., Sec. 151, p. 271. The medical, hospital and ambulance expense incurred by appellee amounted to $1,949. The total award to appellee amounts to $813.95 per year for his expected life or less than $75 per month.

The jury found that appellee failed to maintain a proper lookout but further found that such failure was not a proximate cause of the collision. Complaint is made that the trial court erred in not disregarding the latter finding in not holding as a matter of law that such failure was a proximate cause of the collision and in not entering judgment that appellee take nothing.

Each driver testified that he was driving on his own proper side of the highway and that he did not cross the center line. Each accused the other of driving across such center line and there was other evidence as to which side of the center line the actual point of impact of the vehicles was. The jury found that appellee did not drive across the center line, appellant's driver was convicted of negligence in several instances, each of which was a proximate cause of the collision. Among these findings were findings: that appellant's driver operated the truck in such manner that the truck or a part thereof crossed the center line; that he failed to yield one half of the paved portion of the highway to appellee; that he drove the truck at a speed in excess of 45 miles per hour; that he failed to have the truck under proper control and that he failed to keep a proper lookout.

█ The question was whose negligence caused the collision, or would a proper lookout by appellee have avoided the collision? If appellee failed to keep a proper lookout but was not negligent in any other respect and the collision occurred on his proper side of the highway by reason of appellant's driver causing the truck or a part thereof to cross the center line of the highway and into appellee's proper path then it cannot be said as a matter of law that appellee's failure to keep a proper lookout was a proximate cause of the collision. Appellee was not bound to anticipate that appellant's driver would operate the truck in such manner as to cause it, or a

part thereof, to cross the center line into his proper path and to collide with his pickup. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112. Appellee testified that as he came up the hill prior to the collision he saw the truck or its lights, that he then thought it would stay on its proper side of the highway; that the truck was driven over the center line into his pickup and that the collision happened so quick that he did not have time to do anything. Under the facts it is our opinion that ordinary minds could differ as to proximate cause of the collision, that an issue of fact was presented and that the jury's finding must be given effect. Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Cannady v. Dallas Ry. & Terminal Co., Tex. Civ.App., 219 S.W.2d 816. No writ history.

■ At the hearing on appellant's amended motion for new trial eleven jurors testified. The twelfth was out of the State and was not available. The trial court found that: before the damage issue was answered that the subject of insurance and attorney's fees was mentioned in the jury room; no extended discussion of the subjects was had and their mention was casual; the mention of the subjects was speculative in nature; no juror asserted as a fact or as an opinion that appellant did or did not have insurance or that he was or was not required to have insurance; no juror asserted as a fact or as an opinion that appellee would have to pay any particular amount of any recovery as an attorney's fee; no specific amount of insurance was mentioned and no mention was made of any source from which any judgment would be paid; when the subject of insurance was mentioned the foreman admonished the jury that insurance had nothing to do with the case and the subject was not again mentioned or discussed; in arriving at the answer to the damage issue only the elements of damage set out in the instructions were discussed, and that before the subject of insurance and attorneys' fees were mentioned none of the jurors favored a finding of damages in an amount less than was awarded.

There are some discrepancies in the testimony of the jurors in the record before us, however those were matters for the trial court to resolve.

Suffice it to say that his findings are supported by the record.

■ It being established by the trial court's findings and by the testimony of the jurors that misconduct occurred it becomes a question of law whether probable injury resulted, White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; 3–B Tex.Jur., Sec. 1045, p. 674, and the burden was on the complaining party to show that injury probably resulted. Rule 327, Texas Rules of Civil Procedure; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. The record shows that insurance and attorneys' fees were mentioned in the jury room prior to the time the damage issue was answered but there is no showing that their mention was in connection with that issue or considered in the amount of damages to be awarded. In fact the jurors testified that the award of damages was not increased because of insurance or attorney's fees and at least one juror was of the opinion that the award did not fully compensate appellee for his injuries. The trial court's findings that the mention of insurance and attorney's fees was casual, that such mention did not increase the award of damages and that only the elements of damages set out in the instructions were considered find support in the record. In this state of the record the burden imposed by Rule 327 supra was not discharged and error is not presented. Mrs. Baird's Bread Co. v. Hearn, Tex., 300 S.W. 2d 646; City of Fort Worth v. Estes, Tex. Civ.App., 279 S.W.2d 687. Er. ref., n. r. e.

■ Appellant complains of the action of appellee's attorney in advising the members of the jury in effect that they would probably be contacted concerning their deliberations, that they were under no obligation to tell such person anything but that

they could do so if they desired. What has been said supra is sufficient to show that appellant had the opportunity to fully examine eleven of the jurors. At least three jurors gave appellant's attorneys statements prior to the hearing and others talked to said attorneys. Appellant was afforded full opportunity and did make a full investigation of the jury's deliberations and there is no evidence that any material fact was concealed or that any information was denied said attorneys. It then cannot be said that harm resulted to appellant.

We are not to be understood however as endorsing the complained of conduct for the reason that it could or might have a tendency to conceal misconduct and tend to prevent a full disclosure of possible harmful irregularities. Goldstein Hat Mfg. Co. v. Cowen, Tex.Civ.App., 136 S.W.2d 867. Er. dis. c. j.

It is our opinion that reversible error is not presented and the judgment of the trial court is affirmed.

Affirmed.