N. B. HANEY v. V. I. CLARK.

(Case No. 1908)

1. EVIDENCE—PRACTICE—TENDER—MARKET VALUE.—Plaintiff brought suit to cancel a deed made to defendant, claiming that, though the deed was absolute on its face, it was in fact given to secure a debt due from plaintiff to defendant and a verbal agreement was made to that effect. Plaintiff alleged that defendant

Statement of the case.

counseled her not to leave the property in the hands of her (plaintiff's) husband, as he was a dissipated, improvident man, incapable of managing the estate, and knowing this to be true, she had given defendant the deed to the land. *Held:*

(1) That plaintiff could testify as to the mental condition of her husband, and even as to his sanity, if she stated the fact on which her opinion was based. (Following Thomas *v.* State, 40 Tex., 60; Holcomb *v.* State, 41 Tex., 125, etc.)

(2) The recall of a witness to the stand is something within the discretion of the trial judge and will not be revised on appeal.

(3) The fact that an agent of plaintiff told defendant that he had the money to pay the debt due from plaintiff, and asked defendant to make a calculation as to the amount of the balance and he would pay it, constituted sufficient tender under the circumstances, more especially as defendant refused to recognize plaintiff's right to reclaim the land by the payment of any sum whatever. It was not error to allow the agent to testify as to where the tender was made.

(4) A map of the land, made by the county surveyor from records not in issue between the parties, was admissible to show the location of the land as to surrounding tracts, etc. The fact that the map did not contain two small tracts, the deeds to which were not recorded, was not sufficient cause to reject it, unless the opposite party showed that he was injured by the defect.

(5) The price at which defendant offered to sell the land immediately after it was conveyed to him was no proper criterion of its value, for if it was conveyed merely as security, as claimed by plaintiff, he was interested in making an early sale regardless of the price beyond his debt.

(6) The price at which plaintiff sold parts of the same tract prior to her conveyance to defendant was not proper evidence of its market value, as many causes may have existed to render the selling price below the market value.

(7) Since one of defendant's witnesses had testified that plaintiff had sold some of the same tract at a much lower price than she insisted that conveyed to defendant was worth, it was admissible for her to explain what circumstances induced her to make the sales at a sacrifice.

(8) When neither the bill of exceptions nor the statement of facts show what answer was given to a question claimed to have been improperly asked, the point will not be considered on appeal.

(9) After the judge had charged that an understanding and intention of both parties to the deed that it should be an absolute conveyance would give it that effect, it was only right he should add that the mere secret intention of the grantee that it should be absolute, would not give it that character.

APPEAL from Hunt. Tried below before the Hon. J. A. B. Putman.

This was a suit by appellee against appellant to cancel a deed made to appellant on the 26th of January, 1882, and to recover so much of the land therein conveyed as was still owned by appellant.

Appellee claimed that the deed, though absolute on its face, was in fact made to better secure appellant in certain indebtedness due him by appellee, and which, at the time of the execution of the deed, was secured by deed of trust, with power of sale on the land. She

claimed that there was a verbal agreement between her and appellant that he was to accept the deed and sell the land, and pay to her the amount remaining after paying his debt and interest; or, if he sold only a part of the land, then so soon as he had sold sufficient to pay his debt he was to reconvey the remainder to the appellee. She charged that he had sold $600 worth of the land, and tendered into court $871.87, claiming that to be the amount due appellant under their contract at the institution of the suit, and claimed that the same was tendered to him before the institution of the suit.

Appellant denied these charges, and said he purchased the land in good faith in satisfaction of his debt, without any rights reserved to appellee.

The cause was tried at the July term, 1885, with a jury, and resulted in a verdict and judgment for appellee, cancelling her deed and restoring her to the possession of the land, and adjudging to appellant the money deposited by appellee in court.

First error. The court erred in permitting the plaintiff, V. I. Clark, to testify as to the mental condition of her husband at the time of the execution of the deed.

Second error. The court erred in permitting the witness M. H. Wright to answer the question: "Where was the tender made?"

Third error. The court erred in permitting the introduction of the plat made by the witness H. Y. Kinsey.

*Perkins, Gilbert & Perkins*, for appellant, on testimony as to mental condition, cited: Rivers *v.* Foote, 11 Tex., 662; Mills *v.* Alexander, 21 Tex., 154; D'Leon *v.* White, 9 Tex., 598; 1 Greenl. Ev., sec. 51.

On the question of tender, they cited: Buford *v.* Bostick, 58 Tex., 63; Mills *v.* Herndon, 60 Tex., 353; Cleveland *v.* Dugan Bros., 2 Wilson's Civ. Cas., p. 65, sec. 84.

On the introduction of the map, they cited: Greenl. Ev., sec. 501; Lawson on Exp. Ev., 1, 206.

On market value, they cited: Newby *v.* Haltman, 43 Tex., 314; Ross *v.* Bank of Burlington, 15 Am. Dec., 664; Greenl. Ev., sec. 53, and note 3; Best on Ev., vol. 1, pp. 294–5; Dunn *v.* Cole, 2 Wilson's Civ. Cas., sec. 823.

*Mathews & Neyland, Terhune & Yoakum* and *T. D. Montrose*, for appellee, on mental condition, cited: Tompkins *v.* Toland, 46 Tex., 584; McClackey *v.* State, 5 App., 320.

On recalling a witness, they cited: Lester *v.* State, 3 App., 18; Monley *v.* Culver, 20 Tex., 143.

On tender, they cited: Garrison v. Blonten, 48 Tex., 299; Bradshaw v. Davis, 12 Tex., 336; Adam v. Carter. 36 Tex., 281.

On the introduction of the map, they cited: Wharton on Ev., vol. 1, sec. 668; Swiney v. Booth, 28 Tex., 113.

On market value, they cited: Wharton on Ev., vol. 1, secs. 446-7, and note; Dunn v. Cole, 2 Wilson's Civ. Cas., sec. 823.

WILLIE, CHIEF JUSTICE.—There was no error in allowing Mrs. Clark to testify as to the mental condition of her husband. The question did not necessarily require an opinion as to his sanity, and, if it had, the answer would have been admissible if accompanied by a statement of the facts upon which it was based. Thomas v. State, 40 Tex., 60, Holcomb v. State, 41 Tex., 125; Webb v. State, 5 Ct. App., 596. And even experts are required, if asked, to give the facts upon which their opinions rest. 1 Wharton on Ev., sec. 451.

Certainly no person had better opportunities than she did of knowing the habits and conduct of her husband, and their effect upon his mental condition.

These matters, too, were in issue, as she had alleged that the statements made by Haney as to her husband's habits and condition were true, and this constituted one of the main reasons why she was willing to place in Haney's hands the sale and disposition of the land mentioned in her deed to him; nor was she attempting by this evidence to set aside a contract upon grounds different from those urged against it in her petition, as is contended by the appellant; for the object of her suit was not to set aside a contract, but to establish and enforce it.

The recall of Wright to the witness stand was something within the discretion of the trial judge, and that discretion will not be revised on appeal. R. S., art. 1298; Manly v. Culver, 20 Tex., 143.

The question propounded to him was proper. He had previously testified that he had gone to Haney and told him that he had the money to pay the balance due from Clark and wife, and had asked Haney to make a calculation as to the amount of this balance and he would pay it; and had demanded a reconveyance of the land. This constituted a sufficient tender under the circumstances, and more especially as Haney refused to recognize Mrs. Clark's right to redeem the land by the payment of any sum whatever.

The question assumed no more than what had already been proved. It seems also that he had already given the testimony sought to be elicited by the question, and it was therefore superfluous to recall him to the stand, to repeat his former statement.

It was objected to the admission of the map produced by Kinsey, that it was made from the records of deeds, and was an attempt to prove the contents of a record by secondary evidence; also that it was in fact the mere opinion of an expert upon data admitted to be incorrect.

We do not think these objections tenable. The contents of the records were not in issue between the parties. It was not asserted on one side and denied on the other that Clark and wife and Haney had respectively made the deeds found in the records, and that these deeds contained the field notes or description of the lands sold from which the map was drawn. The object of the evidence seems to have been to aid in arriving at the value of that portion of the land conveyed by Clark and wife to Haney, and to do so by showing how much the value of the whole tract originally owned by Mrs. Clark had been affected by sales of portions of it made to different parties before the conveyance of the unsold balance to Haney. Kinsey was county surveyor, an expert in the matter of drawing from field notes diagrams of the character offered in evidence. He produced one showing the configuration of the land, as derived from undisputed data, and there is no rule of evidence upon which the plat produced by him could be excluded. It does not seem to be disputed but that if Kinsey had gone upon the grounds, and, from the field notes contained in the original deed had made a map of the premises, the result of his work would have been legitimate evidence; but even then his map would have been made up from the contents of papers, of which the papers themselves would have been the best evidence. In fact, there was no means of making the plat from the field notes by which the lands had been sold without resorting to facts of which there was better evidence than the map could in itself afford.

That the map did not contain two small tracts, the deeds to which were not recorded, was not sufficient cause to reject it. It was shown to be correct as to all other tracts, and if the want of the two not recorded affected its value as proof of the worth of the tracts sold to Haney, the defendant should have shown this by evidence. Besides, the witness did not state positively that these two tracts had been conveyed, but merely that he understood they had been sold.

· The price at which Haney offered to sell the land immediately after it was conveyed did not furnish a proper criterion of its value. Upon the plaintiff's theory of the case, found by the jury to be correct, the land was conveyed to the defendant to be sold by him at his discretion, and the proceeds applied to the payment of a debt due him

from Clark and wife. He was not, therefore, interested in making it bring more than would satisfy his claim, but was interested in making an early sale in order to realize his money. He might, under such circumstances, have been willing to sacrifice it at much less than its market value; it would seem, too, from the bill of exceptions that defendant was subsequently permitted to introduce evidence of this character.

Nor was the price at which Clark and wife sold parts of the same land just prior to the conveyance to. Haney evidence upon the same question. Land is frequently sold at a sacrifice when the owner is under pressure for money, and many other causes may exist to reduce the selling price below the market value. The fact that a buyer may have taken advantage of the necessities of the owner and secured this property at much less than its real worth, is enough to render such circumstances useless as evidence of the real value of the property.

The statements of Mrs. Clark, as to what induced her to sign the deeds to other parties prior to the sale to appellants, were legitimate evidence, in view of the fact that the defendant's witness, Waters, had testified that she had sold some of the land at a price much lower than she insisted that conveyed to Haney was worth. It was nothing but right that she should be allowed to explain the circumstances which induced her to consent to a sale of these lands at a sacrifice.

A bill of exceptions, taken by appellant, shows that appellee asked her witness, Wright, "what was the average value of all the Porter survey?" to which defendant objected because the inquiry was not confined to the land which defendant bought, nor to the land in controversy. This objection was overruled and appellant excepted. The bill of exceptions does not show what answer, if any, the witness gave; nor is there in the statement of facts any evidence of Wright which seems to be a response to this question. The witness speaks of not knowing the value o some land on the 26th of January, 1882; and of having sold a good deal of it for from ten to twenty dollars per acre; and of thinking that the part sold to Haney was, on said date, worth eight or ten dollars per acre; but this statement is not predicated of the Porter tract, but rather of the Moore survey, as he had just spoken of that survey. He may have referred, and most probably did, to the entire tract composed of the two surveys; but if he did, his answer was not responsive to the question objected to, and hence we cannot see that this question elicited any improper evidence.

The objection to the fifth paragraph of the charge is not well taken.

In the third and fourth paragraphs, the judge had told the jury that an understanding and intention of both parties to the deed that it should be an absolute conveyance would give it that effect. It was nothing but proper that he should add that the mere secret intention of the grantee that it should be absolute would not give it that character. This was a necessary and proper caution, as there was evidence tending to show that such was the intention of Haney, and at the same time that if any such intention existed in his mind it was unknown to Mrs. Clark.

· The proposed testimony of Perkins was so obviously inadmissible, that the 11th assignment has not been insisted upon in argument.

The 17th and last assignment is not in accordance with the rules of this court, and hence none of the propositions under it will be considered.

There is no error in the judgment and it is affirmed.

AFFIRMED.

Opinion delivered November 24, 1885.]