FISHER v. ALEXANDER et al.

(Court of Civil Appeals of Texas. Dallas. May 13, 1911.)

1. APPEAL AND ERROR (§ 970*)—DISCRETION —REFUSAL TO OPEN CASE—REVIEW.

Where plaintiff's counsel in requesting the court for permission to reopen the case for the introduction of further evidence did not state what he expected to prove by the witness, there was no such abuse of discretion in the court's denial of the request as to authorize interference on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3851; Dec. Dig. § 970.*]

2. VENDOR AND PURCHASER (§ 79*) — CON-TRACTS—CONDITIONS—PERFORMANCE.

Where the undertaking by defendant J. to pay $20 per acre for 396.5 acres of land was in consideration that $1,330 be placed in improvements thereon by plaintiff, plaintiff, not having placed such improvements on the land, was not entitled to recover for alleged breach of contract by J.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 127–131; Dec. Dig. § 79.*]

3. GUARANTY (§ 43*)—OBLIGATION OF PRIN-CIPAL—DISCHARGE.

One guaranteeing that another will perform conditions stipulated in a contract is not liable thereon, where the principal is not liable because of the creditor's default.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 53; Dec. Dig. § 43.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by R. C. Fisher against C. H. Alexander and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Abernathy & Abernathy and Terrell & Richardson, for appellant.

BOOKHOUT, J. This suit was instituted by R. C. Fisher, appellant, against C. H. Alexander and George Phillip Jones, appellees. The petition sought to recover from Jones and Alexander $5 per acre for 396.5 acres of land, aggregating $1,980.50, and, in the alternative, for $652.50, the difference between $1,980.50 and $1,330. The suit is based upon a written contract executed by appellant and appellee C. H. Alexander, acting for himself and as agent and attorney in fact for George Phillip Jones, on April 18, 1907, which contract was attached to plaintiff's petition. By the terms of said contract appellant agreed to convey to George Phillip Jones certain lands in Erath county, Tex., and, in consideration of the conveyance of the said land, the said Jones agreed to pay off certain indebtedness due by the said Fisher, etc. It was also agreed by the said Jones that he was to put into the bank for the said Fisher the sum of $4,000, to be used by him in improving the land sold to the said Fisher. It was further agreed that said Jones was to convey to said Fisher 1,728 acres of land in Montague county, Tex., and that out of the said $4,000 to be deposited by the said Jones in the bank the sum of $1,330 was to be expended by the said Fisher and C. H. Alexander in improving certain parts of the land so owned by the said Fisher. The contract stipulated that "out of said sum of $4,000 placed in bank the sum of $1,330 is to be expended by said Fisher and Alexander in improving the south-

west quarter of block 13, consisting of 155.3 acres, a part of the said Gannon and Silberstein ranch, and of the south half of block 17 of said ranch, consisting of 241.2 acres, and in consideration of said improvements and the other considerations herein the said Jones agrees to sell said land consisting of 396.5 acres for the sum of $20 per acre on or before the first day of November, 1907, and, in case he shall fail so to do, then he agrees to pay said Fisher the sum of $5.00 per acre on said 396.5 acres, which is the difference between said land at $15.00 per acre and at $20.00 per acre, and this amount is agreed on to be paid under the above conditions as a part of the consideration of this trade." The contract was signed by Fisher and Alexander, who represented Jones in making the contract. At the end of the contract and below the signatures and date, there were the following stipulations: "C. H. Alexander hereby guarantees the payment of the $5.00 per acre on the 396.5 acres upon the terms and conditions as herein stipulated for Geo. Jones. [Signed] C. H. Alexander." Also the following: "In case the said Alexander shall demand it the said Fisher agrees to put $1,330 in improvements on the 396.5 acres mentioned herein, to be furnished on demand. [Signed] R. C. Fisher."

Fisher testified as follows: "The contract between myself and George Phillip Jones, and herein sued on, providing for various things to be done by each of us, with the exception of the amount to be expended on the land, has been carried· out, 'all but the point in question here to-day.' No improvements have been put upon the land. Mr. Jones has never sold the 396.5 acres of land. Neither Mr. Jones nor Mr. Alexander has ever paid to me $5 per acre for the 396.5 acres of land. I was able to put $1,330 in improvements on this land. I am able to do so now. I have at all times since that time been able to put $1,330 on the tract of land. I have been willing to put such improvements on the land, at any time. I am able and willing to do so. Neither Mr. Jones nor Mr. Alexander has ever at any time demanded of me that I should put such improvements upon said land." At the close of his testimony plaintiff rested. Defendant did not introduce any evidence. Each party requested a peremptory charge in his favor. The court refused the plaintiff's request, and instructed a verdict in favor of defendants. Judgment was accordingly entered, and plaintiff excepted and perfected an appeal.

[1] The case is only briefed in this court by appellant. While the case was on argument before the court as to whether a peremptory instruction should be given the jury in the case, and before the jury had been charged and before verdict, plaintiff's counsel requested the court to permit him to reopen the case and to further examine said witness, R. C. Fisher. The court refused to allow counsel for plaintiff to further interrogate said witness, but, on the contrary, stated that the case had been closed, and that the request would be refused. The court thereupon gave the jury a peremptory instruction to return a verdict for the defendants. The court did not err in refusing to reopen the case, and admit further evidence in behalf of plaintiff. It is within the discretion of the trial judge whether he will in any case hear additional evidence after the case has been closed, and the argument begun, and his discretion in this respect will not be ground for reversal by the appellate court, unless it is made to appear that it has been abused. The bill of exception does not show what the plaintiff's counsel expected to prove by his client, if the evidence was reopened, and we cannot determine that there was any abuse by the court of his discretion.

[2] There was no error in refusing the appellant's request that a verdict be instructed in his favor. The undertaking of Jones to pay $20 per acre for 396.5 acres having been made in consideration that $1,330 would be placed by Fisher in improvements on said 396.5 acres, and he having failed to place said improvements thereon, Jones was not required to purchase the same and pay $20 per acre therefor or sell the same for that sum before the first day of November, 1907.

[3] The undertaking of Alexander being only a guaranty that Jones would perform the conditions stipulated in the contract, he was not liable thereon, unless Jones was liable on his contract.

We are of the opinion that there was no error in instructing a verdict for defendant.

The judgment is affirmed.