### MYNATT v. HOWARD. (No. 7359.)

(Court of Civil Appeals of Texas. San Antonio. May 13, 1925.)

1. Appeal and error ⟨⟩882(9)—Defendant cannot complain of admission of improper testimony, much of which he himself brought out.

Defendant cannot complain of admission of improper testimony by plaintiff, where he himself brought out much of such evidence.

2. Appeal and error ⟨⟩231(3) — Defendant waived objection to improper testimony by omitting to state ground thereof.

Defendant waived objections to improper testimony by omitting to state ground thereof.

3. Trial ⟨⟩67—Refusal to permit plaintiff to reopen case not abuse of discretion.

Trial court's refusal to permit plaintiff to reopen case, after having rested, to introduce evidence available to him throughout trial held not an abuse of discretion.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by R. A. Howard against Bart Mynatt and another. From a judgment for plaintiff, defendant named appeals, and plaintiff assigns cross-errors. Affirmed.

J. R. Black, of Fort Worth, for appellant. F. M. Bransford, H. M. Harrington, Samuels & Brown, and Lawrence Tarlton, all of Fort Worth, for appellee.

SMITH, J. During the year 1922 appellee Howard, served as a deputy county clerk of Tarrant county under appointment by appellant Mynatt, the then county clerk. Appellee alleged and testified in the court below that appellant, as county clerk, agreed to pay him $100 per month for his services as deputy, and $25 per month additional as a "bonus," if the excess fees earned by the office during that year should be sufficient to pay the additional amount. The settled salary of $100 per month was paid as agreed, but, although it appears from the record that the office earned the additional amount, and appellant withheld from the county a sum sufficient to pay appellee, he refused to do so, although admitting the obligation. Appellee sued appellant, and the county of Tarrant as well. He recovered of appellant the amount of the promised bonus, but judgment went against him as to the county. Mynatt appealed, and appellee, Howard, is prosecuting cross-assignments of error, complaining of the judgment in favor of the county. The facts in evidence are undisputed, for Mynatt did not himself testify, or offer the testimony of any witness.

In his first four propositions of law appellant complains of the sufficiency of appellee's pleadings in the court below, but, after some hesitation, we have concluded that these propositions are not well taken and accordingly overrule them.

[1, 2] In his remaining propositions appellant assails the action of the trial court in admitting certain evidence. This evidence embraces self-serving declarations made by appellee to third persons, his conversations with them as well as their friendly and legal advice to him—all occurring in the absence of appellant. None of this testimony was properly admissible for any purpose. But appellant himself brought out much of this evidence, of which he cannot therefore complain; and, in objecting to that which he did not elicit, he omitted to state to the trial court any of the grounds of his objections. He thereby waived those objections, and cannot urge them here upon grounds not presented to the trial court. The propositions are accordingly overruled.

[3] Appellee in his cross-assignments of error complains of the action of the trial court in refusing to permit appellee to reopen his case, after having rested, and introduce certain evidence which had been available

to him throughout the trial. We cannot say the court abused its discretion in this matter, and overrule the cross-assignments.

The judgment is affirmed.