### MANTEL v. MITCHELL et al.   (No. 7741.)

Court of Civil Appeals of Texas. San Antonio.
March 30, 1927.

**1. Mechanics' liens ⧂281(1)—Verdict for contractors held sustained by evidence, in action against owner on construction contract.**

In action on parol contract for construction of houses and foreclosure of contractor's lien, evidence *held* to sustain verdict for contractors.

**2. Appeal and error ⧂742(4) — Proposition that court should have limited jury's consideration to extra items proved under contract could not be considered under assignment for refusal of instructed verdict thereon.**

Claim that court erred in refusing to limit jury's consideration to extra items proved could not be considered, under assignment of error for refusal of instructed verdict on extra items, in contractor's suit against owner on construction contract.

**3. Appeal and error ⧂742(5)—Proposition that court erred in not giving affirmative charge and in refusal to submit cross-action held not germane to assignment relative to measure of damages.**

Under assignment of error for court's refusal of requested charge on measure of damages in action on construction contract, proposition based on failure to give affirmative charge and refusal of special instruction submitting affirmatively defendant's cross-action will not be considered.

**4. Mechanics' liens ⧂254(2)—Owner could not recover sums he failed to pay on contract price, together with expense of completing houses and value of eliminated work as against contractor.**

In action by contractor against owner on construction contract and to foreclose lien, owner could not recover sums he failed to pay on contract price, as well as added expense of completing houses and reasonable value of work which was eliminated from contract.

**5. Damages ⧂218—Where contractor and owner both asserted claims, instruction that jury should take issues and determine from evidence which should recover held to give sufficient measure of damages.**

In action by contractor against owner for construction of houses and extra work, and to foreclose lien, in which owner pleaded in offset sums paid for finishing construction, instruction that jury should take issues and determine from evidence which one should recover from other *held* sufficient instruction on measure of damages.

**6. Damages ⧂218—Instruction that amount of eliminations could not exceed difference between contract price and that paid held not error, in contractor's suit against owner who did not claim overpayment.**

In action by contractor against owner for construction of houses, where owner did not claim that he had by mistake paid more than was due, charge that amount of eliminations owner claimed could not exceed difference between contract price and amount paid *held* not error.

**7. Mechanics' liens ⧂289—Failure to give essentials of contract in charge held not error, in action on construction contract.**

In action on contract and to foreclose lien by contractor against owner for construction of houses, failure to give all essentials of contract in court's charge *held* not prejudicial error; question of consideration not being raised.

**8. Trial ⧂194(20)—Where contract price and payments were admitted, charge stating amounts held not error.**

Where no question arose as to contract price of houses and amount of payments made on contract by owner to contractor, charge stating agreed amounts to jury *held* not error.

**9. Appeal and error ⧂1048(4)—Refusal to allow witness to consult memorandum held not prejudicial, where witness testified to all items.**

In action by contractor against owner on construction contract, denying defendant privilege of consulting memorandum which he made of defects in work during its progress *held* not prejudicial, where defendant testified to every item of memorandum.

**10. Trial ⧂68(1)—Refusal to permit witness to testify after close of testimony that houses were poorly built held not abuse of discretion in action on construction contract (Rev. St. 1925, art. 2181).**

In action by contractor against owner on construction contract, refusal to permit witness for defendant, who had testified in case, to testify that houses were not built in good and workmanlike manner, *held* not abuse of discretion, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1952 (Rev. St. 1925, art. 2181), where offer was not made until parties had closed their testimony.

---

⧂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Appeal and error** �findex970(4)—**Rejection of evidence after close of testimony will not be reviewed unless abuse of discretion (Rev. St. 1925, art. 2181).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1952 (Rev. St. 1925, art. 2181), permitting additional evidence to be offered to supply an omission where necessary to administration of justice at any time before conclusion of argument, court has discretion to receive or reject evidence after close of testimony, and action will not be reviewed in absence of abuse of discretion.

Appeal from District Court, Jim Wells County; L. D. Stroud, Judge.

Action by L. B. Mitchell and others against L. W. S. Mantel, in which defendant interposed a cross-action. Judgment for plaintiffs, and defendant appeals. Affirmed.

L. Broeter, of Alice, and B. D. Tarlton, of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, for appellees.

FLY, C. J. Appellees sued appellant to recover the sum of $873, alleged to be due them on a parol contract to construct certain houses which were built by appellees according to the terms of the original contract, together with changes made from time to time while the houses were being constructed. Foreclosure of a contractor's lien was sought. Appellant admitted making the contract by which he bound himself to pay the sum of $3,225, for the erection of the houses and had paid on such contract the sum of $2,835, and pleaded in offset the elimination of certain specifications which decreased the contract price in the sum of $1,198.90, and he also pleaded in offset the sum of $72, necessary to repair fireplaces, and $893.79, the amount paid to finish the houses, all being $1,963.41. The cause was submitted to a jury on a general charge, and a verdict returned in favor of appellees for $450, and a foreclosure of the contractor's lien, and upon that verdict judgment was rendered in favor of appellees.

[1] From a statement of facts containing 210 pages of typewritten matter we have formulated our conclusions of fact. Appellant contracted that the appellees should build for him six ordinary frame houses and two triple garages for the sum of $3,225; the houses to be of bungalow type with the chimneys built in. Appellant admitted that the contract price was $3,225, and that he had only paid $2,835 on the contract. Appellant testified that he was a civil engineer and competent architect, and the buildings were erected under his constant supervision and inspection, and he was charged with notice of all defects and changes in the structures. The evidence justifies the verdict in favor of appellees.

[2] There are twenty-five assignments of error copied into the record, but the eight propositions are presented only under the fourth, sixth, ninth, tenth, twelfth, thirteenth, twenty-first and twenty-third assignments. The first proposition seeks to base itself on the ninth assignment of error, which claims error because the court overruled appellant's motion for an instructed verdict on the extra items claimed by appellees, giving eight reasons for error, but the proposition is:

"Where the plaintiff sued for the contract price of the builder's contract and claimed additional charges for extra work by proper allegation, but offered no evidence to support any claim for any part of said extras, it is error for the court to refuse to instruct the jury not to consider any claim for the recovery of such price for such extras as were not proved."

It is apparent that the proposition is not based on the assignment of error, and it is overruled. There was evidence, however, of the extra work.

[3-5] The twelfth assignment of error assails the action of the court in refusing special charge No. 5, requested by appellant. Proposition No. 2, claiming as its basis said assignment 12, is that it is error to fail to charge affirmatively for the appellant on the issues raised by the pleadings and evidence, "and it is especially error to refuse to give any special instruction submitting affirmatively the defendant's cross-action." The proposition is overruled as not germane to the twelfth assignment of error, which only complains of the refusal to give special instruction No. 5. However, special charge No. 5 was properly refused because it attempted to give a measure of damages for breach of the contract of construction which is incorrect. It gave the right to appellant to recover the sum he had failed to pay on the contract price, as well as the necessary expense to complete the houses and the reasonable value of any eliminated work. That was not the measure of damages, and the court very properly refused it. The court in its charge stated that the admitted original contract price was $3,225, and the amount paid on it was $2,835, and that it was admitted by appellees that the sum of $135 for eliminations should be credited to appellant. The court charged also that appellees, in addition to the balance due on the original contract, claimed $618 for extra labor performed by them. That clearly gave appellees' side of the case. The court then charged that appellant claimed that appellees owed him damages for not completing the houses and not performing the work in a workmanlike manner, and he claimed the sum of $895.79 against appellees. In a simple, plain way the court instructed the jury to take the issues stated and determine from the evidence which one should recover from the other.

That was a sufficient measure to guide the jury to a just verdict. The second and third propositions are overruled.

[6] Appellant did not claim in his petition that he had by mistake paid appellees more than he should, in view of the amounts eliminated, and therefore it was not error to charge the jury that the amount of the eliminations could not exceed the difference between the contract price and the amount paid. Appellant supervised the work on the buildings, and, being an expert, he knew of all defective work and eliminations and he with notice paid the sums he did to appellees.

[7] The fifth proposition is overruled. The failure to give all the essentials of a contract in the charge did not injure appellant. There was no question about the consideration.

[8] There could be no question as to the contract price of the houses as it was alleged and admitted by both parties, and there was no error in stating that amount as fixed by agreement. The same applies to the amount of the payments by appellant to appellees. The sixth proposition is overruled.

[9] The seventh proposition complains of the action of the court in refusing him the privilege of consulting a memorandum of defects in the work made while it was in progress. If the action of the court was erroneous, it could not have injured appellant, because he testified to every item of the memorandum, and that is all he could have done had he consulted the memorandum. The bill of exceptions upon which the assignment of error and proposition are based does not disclose the objections made to the use of the memorandum. The seventh proposition does not state that he omitted any item in the memorandum when he testified, nor does appellant seek to show that he was injured by a failure to use the memorandum.

[10] The eighth proposition complains of the court refusing to permit Willie Gamble, who had testified in the cause and afterwards examined two of the houses, to testify that they were not built "in a good and workmanlike manner."

[11] The original petition in this cause was filed June 1, 1925, and therein it was alleged that appellees had performed the work according to the terms of the contract. Appellant knew a year before the trial that appellees would swear that the labor on the houses was done in a skillful and workmanlike manner; he knew that it was necessary for him to contradict that testimony, and yet he made no effort to secure any testimony outside of his own until the trial was about to end, and then offered the testimony of Gamble after both parties had closed their testimony. The court could in its discretion receive or reject the evidence at the time it was offered, and any action by the court will not be reviewed by this court, unless it appears that there was an abuse of the court's discretion. Haney v. Clark, 65 Tex. 93; Railway v. Johnson, 83 Tex. 628, 19 S. W. 151. It is provided in the statute that—

"At any time before the conclusion of the argument the court may permit additional evidence to be offered to supply an omission where it clearly appears to be necessary to the due administration of justice." Rev. Stats. 1914 and 1925, arts. 1952 and 2181.

See, also, Gin Company v. Gardner (Tex. Civ. App.) 248 S. W. 92.

The judgment is affirmed.