## ASKEY v. POWER et al.   (No. 12174.)

Court of Civil Appeals of Texas.   Fort Worth.
June 29, 1929.

Rehearing Denied Oct. 5, 1929.

John L. Poulter, of Fort Worth, for appellant.

C. T. Gettys and M. W. Burch, both of Decatur, for appellees.

CONNER, C. J.   W. H. Askey instituted suit in the district court of Wise county against T. J. Power, administrator of the es-

tate of D. L. Power, deceased, and Alice Power, surviving widow of D. L. Power, and Jessie Power, Henry Power, Opal Power, Yarbrough Power, Elisha Power, Willie D. Power, and Frank Power, legal heirs of D. L. Power, alleging in his third amended original petition, upon which the trial proceeded, that on December 1, 1923, the plaintiff Askey recovered a judgment against the said D. L. Power for the principal sum of $3,540.40, with interest thereon from said date in the sum of $2,278.80 at the rate of 10 per cent. per annum, and in the sum of $538.30, at the rate of 8 per cent. per annum, and in the sum of $723.12 at the rate of 6 per cent. per annum; that about December 3, 1923, plaintiff applied to the clerk of the district court of Wise county for an abstract of said judgment, which was duly made and delivered to plaintiff; that on December 4, 1923, plaintiff presented said abstract to the clerk of the county court of Wise county for record in the proper judgment lien records of said county, which was on the same day by said clerk duly filed and recorded on page 231 of the judgment lien records; that at the time of the recording of said judgment and abstract thereof, the same was duly and properly indexed alphabetically, showing the names of both the plaintiff and the defendant and the book and page upon which the same was recorded, in all things as provided by law, as shown by said records and the indexes thereof.

It was alleged by virtue of the filing and recording and indexing of the abstract referred to that plaintiff acquired a statutory and legal lien on all real estate owned or thereafter acquired by said D. L. Power. It was further alleged that about June 1, 1924, execution had been duly issued on said judgment and the sum of $345.25 was collected by virtue thereof, but that all of the balance of said judgment, including principal and interest, was due and unpaid.

It was further alleged that D. L. Power died intestate about June 8, 1924; that T. L. Power was duly and legally appointed administrator of said estate, and "on or about November 1, 1925, plaintiff presented his claim against said estate based on said judgment and abstract lien to said administrator for allowance which claim was in all things refused and rejected by said administrator, and on November 19, 1925, plaintiff instituted this suit to establish said claim and enforce said lien against the lands belonging to said estate of said D. L. Power, deceased."

The petition then set forth a description of five separate tracts of land, aggregating approximately 1,383 acres, which it was alleged D. L. Power owned on December 4, 1923, at the time of recording and indexing of said abstract of judgment, and the prayer was for a recovery on final hearing judgment for his debt, principal, interest, and costs of suit,

with a foreclosure of his judgment lien on all the lands described; and further, in the alternative, that if it be found that plaintiff was not entitled to this relief, then plaintiff have judgment against all defendants establishing his debt with interest and costs, and the judgment be certified to the county court of Wise county sitting in matters of probate, to be there classified and enforced according to law, and for general relief.

The plaintiff in a second count further pleaded that his suit, as originally instituted on November 19, 1925, sought relief on the grounds stated in his first count, and that in answer thereto the defendants Alice Power and T. J. Power, the administrator, answered, among other things, that the abstract of plaintiff's judgment had not been properly filed, recorded, or indexed, as required by law, so as to create a lien on the lands described in plaintiff's petition; and that, in event it should be found that the abstract of judgment had been defectively recorded or indexed, then he have judgment against the sureties, E. B. Gibson and others (who had already been made parties), on the official bond of the clerk, for any failure of duty or neglect on the part of the clerk to properly record and index his abstract of judgment, etc.

The defendants named pleaded a general demurrer, a general denial, and special demurrers and special matters of defense not thought necessary to set forth.

A jury was impaneled, and after the introduction of evidence in behalf of plaintiff had been offered and submitted, and after the plaintiff had closed his testimony, the defendants requested the court to give a peremptory instruction to the jury in their behalf. The court indicated that in his opinion the evidence failed to establish plaintiff's alleged judgment lien, whereupon the plaintiff requested the court to reopen the case and permit him to further prosecute the same against the bondsmen on the clerk's official bond. This was refused, and the court gave to the jury the peremptory instruction requested by defendants, and, upon return of the verdict in accordance with the instruction, entered a judgment that plaintiff take nothing by his suit and that all defendants be discharged with their costs. From the judgment so rendered, the plaintiff has duly prosecuted this appeal.

As we view the record, three material questions are presented for our determination. They are:

(1) Did the trial court err in concluding that the evidence was insufficient to establish the judgment lien declared upon by appellant?

(2) Did the court abuse his discretion in refusing to permit appellant to withdraw his announcement and to further prosecute the suit against the sureties on the clerk's bond?

(3) Did the court err in refusing to render judgment against the administrator establishing the judgment as a claim against the estate?

We will undertake to dispose of these questions in the order in which they have been stated.

Appellant offered in support of his alleged judgment lien the following abstract as delivered to him:

## ABSTRACT OF JUDGMENT

THE STATE OF TEXAS }
County of ~~WISE~~ WISE }

In the District Court of ~~WISE~~, Texas

_____ November _____ Term, A. D. 192 3

No. 5290

W. H. Askey ............ Plaintiff in Judgment

vs.

D. L. Power ............ Defendants in Judgment

| NAMES OF PLAINTIFFS IN THE JUDGMENT | NAMES OF DEFENDANTS IN THE JUDGMENT | DATE OF JUDGMENT Month Day Year | AMOUNT OF JUDGMENT | AMOUNT OF COSTS | RATE OF INTEREST | AMOUNT OF CREDITS | AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| W. H. Askey Decatur, Texas | D. L. Power Bridgeport, Texas. | Dec. 1 192 3 | $3,540.40 | 9 50 | $ 2278.80 @10% | None | Principal and Interest |
| | | | | | 538.30 @8% | | |
| | | | | | 723.12 @6% | | |

I, J. A. Moore ............, Clerk of the District Court of ~~WISE~~ Wise County, Texas, do hereby certify that the above and foregoing is a true and correct Abstract of Judgment rendered in said Court at the November ............ Term, A. D. 192 3 ....., in Cause No. 5290 ............ W. H. Askey ............ Plaintiff in Judgment, D. L. Power ............ Defendants in Judgment, as appears from the record in Minute Book Q ............ on page ............ 440-441.

Witness my hand and the seal of said Court, at office at ~~EXPRESS~~ Decatur, Texas, the 3rd ............ day of December ............ A. D. 192 3

J. A. Moore

Clerk of District Court, ~~EXPRESS~~ Wise County, Texas.

By ............ Deputy.

As actually recorded for the purpose of securing the lien, it thus appears:

**JUDGMENT OF RECORD**

**ABSTRACT OF JUDGMENT**

THE STATE OF TEXAS }
County of WISE }

W. H. Askey
Plaintiff in Judgment

vs.

D. L. Power
Defendants in Judgment

No. 5290

WISE
In the District Court of Wise County, Texas.

Nov. _____ Term, A. D. 1923

| NAMES OF PLAINTIFFS IN THE JUDGMENT | NAMES OF DEFENDANTS IN THE JUDGMENT | DATE OF JUDGMENT Month Day Year | AMOUNT OF JUDGMENT | AMOUNT OF COSTS | RATE OF INTEREST | AMOUNT OF CREDITS | AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| W. H. Askey Decatur, Texas | D. L. Power Bridgeport, Texas | Dec. 1 1923 | 3540.40 | 9.50 | | 2278 80 10 per | Principal and |
| | | | | | | 538 30 8 p | Interest |
| | | | | | | 723 12 6 pr | |

I, J. A. Moore, Clerk of the District Court of Wise County, Texas, do hereby certify that the above and foregoing is a true and correct Abstract of Judgment rendered in said Court at the Nov. _____ Term, A. D. 1923, in Cause No. 5290. W. H. Askey Plaintiff in Judgment, vs. D. L. Power Defendants in Judgment, as appears from the record in Minute Book Q on page 440 & 441.

Witness my hand and the seal of said Court, at office at Fort Worth, Texas, the 3rd day of December A. D. 1923.

J. A. Moore
Clerk of District Court, Wise County, Texas.

By _____ Deputy.

Filed for record 4 day of Dec. 1923 at 9 o'clock A. M. recorded the 4 day of Dec. 1923 at 9 o'clock A. M.
Jim Belew Clerk, by G. S. Blewett, Deputy.

The foregoing abstract bore the file marks of the county clerk of Wise county, to the effect that the same was filed in his office on December 4, 1923, at 9 o'clock a. m., and also on May 27, 1926, at 11 o'clock, said first filing being signed by Jim Belew, clerk county court, Wise county, Tex., by G. S. Blewett, deputy, the latter filing being signed Ruth Dunaway, clerk county court, Wise county, Tex.

Article 5447, Rev. Statutes of 1925, provides, in so far as necessary to quote, as follows:

"Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

"1. The names of the plaintiff and of the defendant in such judgment.

"2. The number of the suit in which the judgment was rendered.

"3. The date when such judgment was rendered.

"4. The amount for which the judgment was rendered and balance due thereon.

"5. The rate of interest specified in the judgment."

The succeeding article, 5448, provides that the county clerk shall keep a well-bound book called the "judgment record," and shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record, and he shall "at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded."

Article 5449 provides that when any judgment "has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made," etc.

Appellant alleged that his abstract had been recorded in the judgment lien records of the clerk's office in book 2, on page 231. Appellant offered the testimony of Clifford Hall, who testified that he was the deputy clerk of Wise county and the custodian of the records; that the book handed him was the abstract of judgment record No. 2 of Wise county; that, as originally printed, the page upon which the abstract was recorded was numbered "232," but that said figures had been marked through by pen marks and had written with pen and ink in their stead "231-a." The witness then referred to the index of the judgment record No. 2 and testified that turning to the letter "A" in the index he found the case of W. H. Askey v. D. L. Power, No. 5290, appearing under that letter, referring to book 2, page 232; that turning to the letter "P," he found the same case referred to as "Power, D. L. vs. W. H. Askey, book 2, page 232;" that the pages in the book were numbered consecutively with printed numbers throughout the book; that he did not know how the pen and ink line scratched through the number 232, and the number 231-a written under it in ink, had occurred.

G. S. Blewett testified in behalf of plaintiff that he was the deputy county clerk in 1925, and as such had charge of the filing of instrument and the recording of them; that he filed the abstract of judgment in question in the judgment record; that it shows to be recorded in volume 2, page 232, and shows that the figure 2 had been stricken out and a 1 and an a, making it 231-a, written in its stead; that he was familiar with that book in the clerk's office; that he made the entries in the direct and cross index referring to the page of the record of abstract as page 232; that the entries were in his handwriting.

On cross-examination, he testified that: "It has been so long ago I do not know who made that change; it is not in my handwriting; the change is not in my handwriting. There was a custom then and is yet, I guess, in that office to have changes in page numbers that way. It is like this. An abstractor will come in and ask for a certain page number, and we will give him a number. He is abstracting an instrument. He possibly delays that instrument three or four days, and later on he brings the instrument back and will necessarily cause a changing of the pages to comply with the one given him. This change in the page number was not made when I recorded the instrument. I know that because I indexed it according to the printed number there. I have no independent recollection of it; I figure the change was made afterwards. It has been now five years ago, and I have no independent recollection of it. I do not know in whose handwriting those figures are in; I just know it is not my handwriting. I was reasonably familiar with the handwriting of the various clerks in the office at that time, yes. I could not swear just whose handwriting it is in. My recollection about it is that abstract of judgment (pointing to another judgment on opposite succeeding page) was given this page and when that abstract was brought back for record, inasmuch as this had been put in the abstract on this page this was changed to give the same number. My opinion is it was caused that way. My opinion is it was given page 232 and it was taken back to abstract it and when he came back with it this judgment was already on here and that brought about the change of that there, of the page. That is what I mean about it. These things have gone into an abstract in land deals somewhere. This judgment, sometime an abstractor was working on this and putting it in the abstract, no doubt they came in and asked what page the judgment would be on and would give them page 232. When this came back for record some days later they might have had to change that number. I could not tell you that this was the case at the time this change was made. My opinion is it would be about the time of the recording of the one on the next page at the time it was made. This one here was filed on the 14th day of December, 1923. This

one at 9 o'clock, in the morning, and this one at 6 o'clock in the afternoon. That is my opinion about the way it happened; that is the practice in there. An abstractor would come in and get the number and keep the instrument three or four days, and necessarily the change is brought about that way."

Redirect examination: "Yes, I recorded the instrument on the opposite page. It is in my handwriting. I recorded both of them. There are 460 pages in the book. I notice by looking at the back of it. The date of the recording of the last instrument in the book is the 15th day of November, 1928. The first one recorded in the book at the front of it is dated November 10, 1892. This book contains the record of instruments in Wise County, Texas, for some thirty-six years, yes. There are two other books down there, that are used for other forms of abstracts of judgments. I do not notice any other pages changed in this entire book; I do not find any other pages changed in the entire book during that thirty-six years, except those in which this case is recorded, no; I do not notice any."

No serious complaint has been urged against the form of the abstract of judgment as it was delivered to appellant upon his application. But as it was actually recorded for the purposes of obtaining a lien, appellees complain that the amount of the judgment as stated in the column therefor is $3,540.40, while under the heading of "amount of credits" is to be found an aggregation of figures, which if construed as referring to the amount of the judgment exceeds $3,540.40 as first stated. If in the column last referred to the amounts stated were intended to show the amount of credits the statement of amounts referred to construed as credits will show that nothing is due on the judgment, while in the following column the amount due is stated to be principal and interest, the whole being referred to on the direct and cross index as on page 232 of the judgment record.

■■ It was agreed that at the time appellant caused to be recorded his abstract of judgment, D. L. Power was in fact the owner of the several tracts of land described in the plaintiff's petition, aggregating, as stated, approximately 1,383 acres, but we do not feel quite prepared to rule that the recording and indexing of appellant's abstract was sufficient under our decisions to establish the judgment lien declared upon. As it seems to us, such recording and indexing is, at least, confusing, if not actually misleading. The column intended as showing the rate of interest is left entirely blank, and the numbers under the heading "amount of credits," which in any view could be construed as referring to interest, such as "10%," "8%," and "6%," falls short, we think, of the purpose of the law in requiring the rate of interest to be specified. The right to a judgment lien is purely statutory, and to secure it, as uniformly held, there must be a substantial compliance, at least, with all of the requirements of the statutes relating to the subject.

In San Antonio Loan & Trust Co. v. Davis (Tex. Civ. App.) 235 S. W. 612, it is held, as stated in the first syllabus, that: "Judgment liens, being statutory and in derogation of the common law, attach only where the requirements of the statute have been, at least substantially, complied with."

In the fifth syllabus of the same case, it is said: "Where judgment index did not show the name of each defendant in the judgment and the number and page upon which the abstract was recorded, as required by Rev. St. 1911, art. 5615, the lien did not attach, proper indexing being an essential requirement to fix the validity thereof."

In Security National Bank v. Allen (Tex. Civ. App.) 261 S. W. 1057, 3rd syllabus, it is said: "Unless a judgment has been properly indexed it is insufficient to create a lien, under der Vernon's Sayles' Ann. Civ. St. 1914, arts. 5615, 5616."

In Evans v. Frisbie, 84 Tex. 341, 19 S. W. 510, it is said, quoting from the headnote, that: "It seems that the omission to give a credit upon the abstract would be fatal to the lien. The statute requires, among other things, that the abstract must show the amount due on the judgment." To the same effect, see Willis v. Sanger, 15 Tex. Civ. App. 655, 40 S. W. 229; Noble v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382, writ denied.

We conclude that we cannot say that the court committed reversible error in rendering judgment against appellant upon the issue of his alleged judgment lien.

■ 2. Nor do we find that reversible error was committed by the court in refusing to permit appellant to withdraw his announcement that he had closed his evidence and prosecute his suit against the sureties on the clerk's bond. We have carefully examined appellant's bill of exception complaining of this action on the part of the trial court, and it shows, as stated in a former part of this opinion, that appellant had without hinderance been permitted to introduce all testimony offered and had closed the presentation of his case, and that it was only after the court had indicated that the recording and indexing of the abstract of judgment was insufficient to support the alleged judgment lien that the request for reopening the case was made. The bill of exception fails to set forth any fact that would constitute a legal basis for surprise. The defects showing that the alleged judgment lien was invalid had been proven before he closed his evidence, and he had already offered evidence attempting to show how the error in paging occurred. Nor does appellant's bill of exception or his motion for a new trial set forth any evidence that appellant had or could procure additional to what had al-

ready been introduced which would tend to support the cause of action set up in the alternative plea against the sureties on the clerk's bond. Under such circumstances, we cannot say that the court abused his discretion in overruling the application to reopen the case for additional evidence.

In the case of Fisher v. Alexander (Tex. Civ. App.) 137 S. W. 715, 716, it is said, among other things, that: "While the case was on argument before the court as to whether a peremptory instruction should be given the jury in the case, and before the jury had been charged and before verdict, plaintiff's counsel requested the court to permit him to reopen the case and to further examine said witness, R. C. Fisher. The court refused to allow counsel for plaintiff to further interrogate said witness, but, on the contrary, stated that the case had been closed, and that the request would be refused. The court thereupon gave the jury a peremptory instruction to return a verdict for the defendants. The court did not err in refusing to reopen the case, and admit further evidence in behalf of plaintiff."

In Mantel v. Mitchell (Tex. Civ. App.) 293 S. W. 835, 837, it was said: "The court could in its discretion receive or reject the evidence at the time it was offered, and any action by the court will not be reviewed by this court, unless it appears that there was an abuse of the court's discretion. Haney v. Clark, 65 Tex. 93; Railway v. Johnson, 83 Tex. 628, 19 S. W. 151." See, also, Mynatt v. Howard (Tex. Civ. App.) 273 S. W. 276.

■ 3. Nor do we feel able to say that the court erred in refusing to render judgment against the administrator, establishing appellant's judgment as a claim against the estate. Appellant's petition alleged that the claim was presented and refused about November 1, 1925, and that the suit was filed on November 19, 1925. Appellant's third amended original petition, on which the case proceeded to trial, alleges that it was filed in lieu of his second amended original petition, filed on October 22, 1926. The original petition, which, under the rule, was substituted by his second amended original petition, is not in the transcript, nor does the evidence show the date of the institution of the suit.

Article 3522, Rev. St. 1925, reads: "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

■ It is to be noted that the article specifically requires that, in order to maintain a suit against the administrator after the claim presented to him for approval has been rejected, it "must be brought within ninety days

after such rejection and not thereafter." These terms are mandatory in form, and were held to be so in legal effect. In discussing the same article in a former revision of the statutes, the Court of Civil Appeals at Dallas, in the case of Whitmire v. Powell, 117 S. W. 433, 439, opinion by Mr. Justice Talbot, had this to say: "Article 2082 of our statute [Rev. St. 1895] which is quoted in our original opinion, provides that, when any claim for money against an estate has been rejected by the executor or administrator of the estate either in whole or in part, the owner of such claim may within 90 days after such rejection, and not thereafter, bring suit against the executor or administrator for its establishment in any court having jurisdiction of the same. This article is not a general statute of limitation which must be pleaded in order to avail one's self of it, but by its very terms is a prohibitory statute, and extinguishes a claim which has been rejected by an administrator and for the establishment of which suit has not been brought within the time therein prescribed. The language is that the owner of the rejected claim 'may within ninety days after such rejection, and not thereafter, bring suit,' etc. This language is positive and forbids the bringing of the suit after the expiration of 90 days from the date of the rejection of the claim. The bar created by this statute cannot be waived by the personal representative of the estate either by failure to plead the bar, or by agreement with the creditor. Such statute absolutely extinguishes the right of the claimant, instead of affecting the remedy merely."

In support of the announcement thus made, the court cited 18 Cyc. 937, where it is said: "With respect to statutes of non-claim and statutes limiting the time within which actions shall be brought against executors and administrators, it is very generally held that the bar created by these statutes cannot be waived by the personal representative either by failure to plead the bar or by agreement with the creditor. The statutes absolutely extinguish the right of the claimant instead of affecting the remedy merely. A personal representative cannot abrogate a positive rule of law applying to probate of claims within a designated period by any conduct of his own, however misleading or designing. The creditor is bound to obey the plain requirements of the statutes, and the fact that he fails to present a claim in reliance on an agreement which the administrator had not the power to make is a mistake of law on his part for which the courts furnish no relief. If the executor or administrator neglects to plead the statute and thereby judgment is recovered in an action brought after the debt is legally barred, or if he voluntarily pays the debt, it is held to be in his own wrong and he cannot claim to be reimbursed from the estate." Nu-

merous authorities are cited in support of this text.

▮ It is uniformly ruled in our authorities that every material fact essential to plaintiff's recovery must not only be alleged in his complaint, but the allegations must be supported by proof. A failure in either respect is fatal to his recovery. The authorities from which we have quoted, therefore, fully meet the objection that might be urged that in this case the defendants by neither demurrer, plea in abatement, plea of limitation, or otherwise, have raised the question. The only contention in this court in behalf of appellees being, in substance, that the lands described in plaintiff's petition and owned by the deceased at the time of his death, are so heavily incumbered and his estate generally so largely involved as to render the judgment establishing a claim against the administrator useless. This contention, if it could be given force under any circumstances, must here be ignored, on the ground that there is no proof whatever before us of the incumbrance or insolvency suggested.

On the whole, we think, for the reasons stated, that all assignments and propositions of error which we are called upon to determine must be overruled, and the judgment affirmed.

### On Motion for Rehearing.

As may be seen by reference to our original opinion in this case, appellant declared upon a judgment against D. L. Power, deceased, and sought to establish and foreclose a judgment lien on certain lands alleged to have been acquired by a due abstracting and recording of the judgment, etc. Appellant also pleaded in the alternative that, if for any reason the alleged judgment lien should be held to be defective and unenforceable, that then, and in that event, he have judgment against the appellee administrator and the other parties to the suit establishing his judgment claim as a valid indebtedness against the estate of the said D. L. Power to be paid in due course of administration.

We affirmed the judgment of the trial court refusing to establish and enforce the alleged judgment lien on the ground that the judgment had not been properly abstracted, and to this conclusion we yet adhere. We also affirmed the decree of the trial court denying appellant's alternative prayer on the ground that the evidence failed to show that article 3522, Rev. Statutes of 1925, had been complied with by proof that appellant had instituted suit to establish his claim within 90 days after its rejection by the administrator.

In appellant's motion for rehearing it is sought to supply evidence of the fact that his suit was in truth instituted against the administrator for the purpose of establishing the validity of his judgment and having it paid in due course of administration in due time by tendering a certified copy of what purports to be his original petition, which the clerk of the district court certifies was filed in cause No. 5513 in the district court of Wise county on the 19th day of November, 1925, less than 90 days from the date upon which the administrator rejected the claim. Our attention is also called to a bill of costs in the case of W. H. Askey v. Mrs. Alice Power et al., No. 5513, as certified by the district court clerk and found in the original transcript in this case. We copy the following entries from the bill relied upon in support of the motion, to wit: ·

1925

| | | | |
|---|---|---|---|
| Nov. 19. | Filing and docketing | $ | .35 |
| Nov. 19. | Appearance | | .15 |
| Nov. 19. | Citation & 10 copies | | 5.75 |
| Nov. 19. | 4 copies plaintiff's petition @ $2.60.. | | 10.40 |
| Nov. 19. | 6 Certs to petition | | 3.00 |
| Dec. 1. | Filing answer | | .15 |

1926

| | | | |
|---|---|---|---|
| May 12. | Citation & Copy (Wise) | | 1.25 |
| May 12. | Recording return | | .50 |
| May 14. | Recording return | | .50 |
| May 25. | 1 Subpœna and 3 names | | .70 |
| July 3. | Continued | | .20 |
| Oct. 2. | Filing 2nd amended original petition | | .15 |
| Nov. 5. | 1 Citation and 4 copies (Wise) | , | 2.75 |
| Nov. 17. | Recording return | | .50 |
| Nov. 30. | Plea in abatement | | .15 |

The question for our determination is whether in the state of the record the district court erred in rendering judgment denying, among other things, the validity and establishment of the original judgment against D. L. Power as a claim against his estate.

▮▮ It is to be noted that neither in a bill of exception nor in appellant's motion for a new trial is any evidence referred to as showing the date of the original institution of appellant's suit. The purported copy of the original petition accompanying the motion for rehearing was not brought up by a writ of certiorari to correct the record, but was presented to us in the form of a loose attachment to appellant's motion for rehearing, not separately filed, nor does it appear that the petition, bill of costs, or any other circumstance or evidence was offered or called to the trial court's attention prior to or. after his rendition of the judgment that would show or tend to show that appellant had complied with article 3522, Rev. Statutes of 1925. Under such circumstances, we find it difficult to say that there was error in rendering judgment as he did in the respect under consideration. As pointed out in our original opinion, article 3522 is mandatory in its terms, and the burden was upon appellant not only to allege the facts which would entitle him to the establishment of his judgment against the estate of D. L. Power, but it was also incumbent upon him to support such allegations with the necessary amount of proof, and, in the light of our decisions relating to the subject, we find ourselves unable to say that he has done so. In the case of Houston & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135

S. W. 369, our Supreme Court, in an opinion by Mr. Justice Ramsey, said: "'After a cause is once submitted upon a transcript supposed to be correct, as the parties have made no objection to it, and we have decided it upon such transcript, we cannot undertake to re-examine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion. A mistake in the pleadings or facts of a single word might influence the decision. Thus discovered and remedied, a new opinion framed to suit the altered record might itself be set aside upon the discovery of some other error; and so on to numberless changes in the transcript and the decisions upon it. This practice cannot, of course, be allowed, and to prevent it the right to a certiorari must be limited to some point in the proceedings, which must not extend beyond the date of the submission of the cause to the court for decision. Indeed, this has been the rule of this court announced in frequent opinions of our predecessors, which, having been orally delivered, may not have come to the knowledge of the profession generally.'"

Rule 22 for the Courts of Civil Appeals, among other things, expressly declares: "All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

In the case of Camden Fire Ins. Ass'n v. Hill, 264 S. W. 123, 124, it was held by the Amarillo Court of Civil Appeals that, quoting from the headnote: "Under Courts of Civil Appeals rule 22, party cannot have submission of appeal set aside, case reopened, and record corrected."

We should, perhaps, note that rule 22, as formulated and construed by Judge Ramsey in the opinion to which we have referred, was discussed by Chief Justice Phillips in the case of Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441, where it was held that appellant in that case after submission should have been permitted to perfect the record by writ of certiorari. But the amendment there permitted was to show jurisdiction in the court and did not go to the merits of the case, while here the question is one that goes to the merits, and no application for a writ of certiorari to correct the record has been made.

On the whole, we conclude that however much we might be inclined to set aside the trial court's judgment in the respect now complained of, we would not be justified in doing so under the state of the record now presented to us.

The motion for rehearing is, accordingly, overruled.