## DAY v. ANDERSEN.
### No. 9135.

Court of Civil Appeals of Texas.
San Antonio.
June 21, 1933.

A. B. Crane, of Raymondville, for appellant.

R. F. Robinson, of Raymondville, for appellee.

MURRAY, Justice.

E. M. Day, appellant, instituted this suit in the county court of Willacy county against C. C. Andersen, alleging that Andersen entered into a contract with him to purchase about two thousand fruit trees and had breached this contract, whereby appellant was damaged in the sum of $985.85.

When appellant rested his case, appellee moved for an instructed verdict, which was granted by the trial court. Appellant assigns such action of the trial court as error. The evidence does not show that Andersen ever entered into such a contract with Day. It is shown that negotiations were going on between these two parties, but no definite contract was ever entered into. The trial court properly instructed a verdict for appellee.

Appellant next complains because the trial court would not permit him to reopen the case and offer further testimony in support of appellant's cause of action. He did not specify what witnesses he wanted to offer or what documents he might wish to offer or what he expected to prove if permitted to reopen the case.

The matter of reopening a case after the plaintiff has rested is a matter directed to the sound discretion of the trial judge, and the action taken by him on such a matter will not be disturbed on appeal, unless a clear abuse of discretion is shown. We find no abuse of discretion in this case. Pace v. Olvey (Tex. Civ. App.) 282 S. W. 940; Askey v. Power (Tex. Civ. App.) 21 S.W.(2d) 326, Id. (Tex. Com. App.) 36 S.W.(2d) 446; Mantel v. Mitchell (Tex. Civ. App.) 293 S. W. 835; Article 2181, R. C. S. 1925.

Appellant cites Ledbetter v. Martinez (Tex. Civ. App.) 12 S.W.(2d) 1042, in which case it was held to be error to refuse permission to reopen the case. However, in that case it was shown what evidence was to be offered and from which witnesses. In the present case we do not know yet what evidence was to be offered and from what witnesses, and under such circumstances it would be impossible for us to conclude that an abuse of discretion was shown.

The judgment is affirmed.