WIGHAM v. WILSON.　(No. 1444.)

(Court of Civil Appeals of Texas. Amarillo. April 23, 1919.)

1. EVIDENCE ⬤═►318(1), 474(1) — OPINION — HEARSAY.

In action for breach of warranty in deed, testimony of one who had been county surveyor and deputy county surveyor, who knew the location of the land, that land described in judgment against plaintiff and its grantor, failure of title to which was alleged, included the land described in the deed, *held* not inadmissible on ground witness was not qualified, and the fact that witness himself did not make original map which he sketched to testify from did not render his testimony and sketch inadmissible.

2. EVIDENCE ⬤═►460(4)—PAROL EVIDENCE AFFECTING WRITING—LOCATION OF SURVEYS ON GROUND.

The location of surveys on the ground must necessarily be determined by parol evidence, which is therefore admissible.

3. JUDGMENT ⬤═►950(3) — PLEADING — VARIANCE—NAMES OF PARTIES.

In suit for breach of warranty by the trustee for a company, beneficiary in the deed, judgment in another suit in another county in which the beneficiary was evicted from the land, and to which the grantor, now defendant, was also a party defendant, and against whom judgment was rendered for the land, *held* admissible, though the copy offered by plaintiff misnamed the beneficiary company, while the grantor, defendant in the present suit, is sued as "G. W. Wigham," while in the other suit he was sued simply as "Geo. Wigham."

4. APPEAL AND ERROR ⬤═►1052(2) — HARMLESS ERROR—EVIDENCE—CLERICAL ERROR IN JUDGMENT.

If clerical error in the copy of a judgment offered by plaintiff in evidence rendered the judgment inadmissible, defendant by offering a correct copy cured any such error, and no injury resulted to him.

5. JUDGMENT ⬤═►953—PRIOR JUDGMENT—SUPPORTING EVIDENCE—IDENTITY OF SUBJECT-MATTER.

In suit for breach of warranty by the trustee for a company, beneficiary in the deed, judgment in another suit in another county against the beneficiary and the grantor *held* not unsupported by evidence in that the evidence showed the land conveyed was part of the grantor's addition, and not the land described in the judgment.

6. APPEAL AND ERROR ⬤═►500(1) — ASSIGNMENT OF ERROR—CONSIDERATION—ABSENCE OF ORDER.

In absence from transcript of order or judgment of trial court sustaining special exceptions to items other than one sought to be recovered, Court of Civil Appeals cannot consider assignment that, court having sustained special exceptions to all of the petition save for $500 paid for the land, the suit being for breach of warranty, the county, and not the district, court had exclusive jurisdiction.

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Suit by W. D. Wilson, secretary and treasurer of the Republic Supply Company, as trustee for the Company, against G. W. Wigham. From judgment for plaintiff, defendant appeals. Affirmed.

R. H. Cocke, Jr., of Dallas, for appellant. Templeton & Templeton, of Wellington, for appellee.

HUFF, C. J. W. D. Wilson, secretary and treasurer of the Republic Supply Company, for the use and benefit of the company, sued G. W. Wigham upon breach of warranty contained in a deed executed by Wigham to Wilson, trustee, conveying a strip of land situated in the town of Burkburnett, Tex., for a recited consideration of $500 cash, and for the value of improvement in the nature of sidewalks, $72, and $50 expenses in defending the title to said land in a suit filed and prosecuted in the district court of Wichita county, and in which the beneficiary of the deed, the Republic Supply Company, was evicted therefrom, and to which Wigham was also a party defendant, and against whom a judgment was rendered for the land.

[1, 2] The first assignment is to permitting a witness by the name of Overby to testify that the land described in the judgment included the land described in the warranty deed, the failure of title to which is alleged as a breach of the warranty, and for which recovery is sought because it is asserted the witness was not qualified to give the testimony and showed he was testifying from maps before him not made by him. The particular testimony objected to is not set out further than in the assignment itself it is stated that the witness testified that the land described in the judgment covered and included the land described in plaintiff's petition. The witness testified that he had been a deputy county surveyor and also county surveyor of Wichita county for some time previous thereto, and had surveyed in the county and in Burkburnett, and was familiar with the additions of the town, that he compiled the sketch from which apparently he was testifying from his knowledge of the surveys, and that the sketch was compiled also from the maps of Burkburnett, which were certified to and were correct. He gave the scalings of the maps and the measurements, read the field notes in both the deed and the judgment, and testified that the judgment covered the land called for by the deed. He also traced for the jury the calls of the field notes in the judgment on the map, demonstrating, as we gather from the statement, the position of the land with reference to the maps. Wilson stated that his company was ousted by the judgment in fa-

vor of Markowitz against Wigham and others, and the appellant himself testified that the land involved in the suit and as shown by the map, which appeared to be correct, was covered by the judgment. The maps appear to have been introduced in evidence without objection, but in looking to the statement of facts we find that the map attached thereto is not marked for identification, as called for in the statement of facts, and is evidently not the map or either of them used upon the trial or a copy thereof. As we gather from the field notes of the judgment and the deed, there was a controversy over a strip of land between Markowitz and Wigham, lying between the railroad right of way and the survey upon which Wigham had laid out his addition to the town. It seems that the addition of appellant was laid out on a certain survey. The witness testified he knew the line of this survey and the location of certain blocks in the addition and also the location of the right of way. It also appears this strip was located by the right of way running through the town. It does not appear to be the objection that the statement was an opinion of the witness. He certainly showed his qualification to run the lines, and also showed that he knew the location of the land. He knew that the map from which he made a sketch was correct, and that map appears to have been official. He also knew its scaling, etc. We are unable to perceive any error in his testimony, and he seems to have explained the location of the land before the jury by the calls of the field notes in connection with the maps. The fact that he did not himself make the original map, which, when shown to be correct, we do not think rendered his sketch and testimony inadmissible. Fulcher v. White, 59 S. W. 628; Haney v. Clark, 65 Tex. 93. The location of surveys on the ground must necessarily be determined by parol evidence, and we think, as the witness in this case knew the town and the situation from given field notes and from given points, he could testify what land would be included in them, and whether one would include the other tract, the field notes of both of which were given and in his possession. The testimony of appellant himself, as well as that of appellee, is in effect the same as that of the surveyor, and no objection is here urged to their evidence. We see no reversible error in the admission of the evidence as set up by the assignment, and the same will be overruled.

[3, 4] The second assignment is to the effect that it was error to admit the judgment from Wichita county because it is asserted it is not supported by the pleadings and because appellee nor his beneficiary, the Republic Supply Company, nor appellant, were parties. The judgment was against Geo. Wigham, but Wilson, as trustee, is not named in the judgment. In the copy of the judgment offered by appellee, in reciting the names of the defendants therein, the name "Public Supply Company" is given instead of "Republic Supply Company." However, in decreeing the land to Markowitz, it was adjudged that he recover against the Republic Supply Company. In addition to the copy introduced and objected to, the appellant introduced a correct copy, giving the correct name of the company throughout. The appellant is sued in this case as "G. W. Wigham," while in the Wichita court he was sued as "Geo. Wigham." On the trial appellant admitted he was a party to the suit in Wichita county. Manifestly there was no such variance as to require the exclusion of the judgment. If the clerical error in the first part of the copy offered by appellee rendered the judgment inadmissible, appellant, by offering a correct copy, cured any such error, and no injury resulted.

[5] The third assignment is to the effect that the judgment is without evidence to support it in that the evidence shows the land conveyed by the deed was part of the Wigham addition, and not the land described in the judgment. The jury found the parcel of land described in the deed part of the land described in the judgment. The judgment was based on the verdict and follows the verdict. Appellant makes no statement of the evidence or record upon which he relies, but refers us to the statement of facts. The appellant admitted he executed the deed and was a party to the judgment. He also admitted the strip described in the deed and the judgment as shown by the maps were approximately correct. Wilson testified he was evicted by the judgment, and the field notes of the judgment are shown to have included the land. The assignment will be overruled.

[6] As an independent and fundamental proposition, appellant presents that, the court having sustained special exceptions to all of said petition save for $500 paid for the land, the county court, and not the district court, had exclusive jurisdiction. If the trial court sustained special exceptions to the other items sought to be recovered, we are unable to find such order or judgment in the transcript. In the absence of such order or judgment, we cannot consider the assignment. Bank v. Jones, 209 S. W. 468.

The case will be affirmed.