### FAGG v. TEXAS CO. et al.
### No. 3987.

Court of Civil Appeals of Texas. Texarkana.
April 16, 1931.

Rehearing Denied April 30, 1931.

Anderson, Orr & McCord, of Fort Worth, for appellant.

Wynne & Wynne, of Wills Point, and Vinson, Elkins, Sweeton & Weems, of Houston, for appellees.

LEVY, J.

The appellant brought the suit seeking to enforce specific performance of an alleged written agreement made on November 26, 1929, by the appellant and J. A. Bracken and Rhoda Bracken whereby, upon certain contingencies, J. A. Bracken and Rhoda Bracken were to execute to appellant a lease upon land to prospect and bore wells for gas and oil, with the right to seven-eighths of all the oil and gas discovered.

The trial court sustained a general demurrer to the petition, and the appeal is to revise that ruling of the court.

The written lease agreement alleged and sought to be enforced reads:

"That the said parties of the first part have located a surplus amount of land in the J. Walling Survey in Van Zandt County, Texas, and out of a certain 86 acres of land which was deeded to the said J. A. Bracken by H. C. Gilbert by deed dated the 15 day of September, A. D. 1925, as recorded in Vol. 169, page 136 Deed Records of Van Zandt County, Texas, reference to which deed is here made for all purposes, less a certain 46 acres of land sold to J. R. Shivers, and the said J. A. Bracken and wife, Rhoda Bracken, being desirous of selling seven-eighths oil and gas lease on the amount of surplus acreage which they claim to be four acres more or less, and the said G. E. Fagg being desirous of purchasing the same have entered into the following agreement, to-wit:

"The said parties of the first part agree to secure the services of the County Engineer of Van Zandt County, Texas, at the earliest convenient moment, and will have this land surveyed, and will establish corners at such certain points that will establish the surplus if any.

"That the parties of the first part will deliver to the said party of the second part a certified plat setting out the findings of the County Engineer of Van Zandt County, Texas; and that in the event there are four or more acres of land, the said party of the second part agrees to place in the People's National Bank at Tyler, Smith County, Texas, the sum of $30,000.00 or a guaranty thereof, satisfactory to the President of the said Peo-

ple's National Bank of Tyler, Texas, upon the delivery to the party of the second part by the said J. A. Bracken and wife, Rhoda Bracken of a certified plat establishing this amount of acreage.'

. "It is further agreed and understood by both parties hereto that an 88 form lease, properly describing the surplus tract of land above mentioned, is to be placed in escrow in the People's National Bank of Tyler, Smith County, Texas, along with a copy of the plat furnished by the County Engineer of Van Zandt County, Texas, together with the said $30,000.00 above mentioned or a guaranty thereof.

" * * * And that the said J. A. Bracken and wife, Rhoda Bracken, only agree to deliver a good and merchantable limitation title; and that, when such title has been perfected by the said J. A. Bracken and wife, Rhoda Bracken, then and in that event, The People's National Bank of Tyler, Texas, is hereby instructed to deliver over to the said J. A. Bracken and wife, Rhoda Bracken, the said $30,000.00 but the said The People's National Bank of Tyler, Texas, is further instructed to hold the above mentioned lease pending the spudding of a well on said tract of land to be more fully described in the above mentioned lease; but when the said well has been spudded and surface casing set, The People's National Bank of Tyler, Texas, is hereby instructed to deliver to the said G. E. Fagg or order the lease above mentioned.".

The lease agreement is dated November 26, 1929.

The petition alleged, as to the character and terms of lease, as follows:

"That on the 26 day of November, 1929, the defendants, J. A. Bracken and wife, Rhoda Bracken, were the owners of the fee simple title to the hereinabove described land including all of the oil, gas, and other minerals therein and thereunder; the said J. A. Bracken and wife, Rhoda Bracken, entered into an understanding and agreement and agreement to the effect that the said J. A. Bracken and wife, Rhoda Bracken, would, subject to the terms and conditions then agreed upon and set out in the written memorandum hereinafter referred to as Exhibit A hereto, execute and deliver to this plaintiff an oil, gas and mineral lease on the hereinabove described land to be in form substantially as a certain oil, gas and mineral lease theretofore executed by the said J. A. Bracken and wife, Rhoda Bracken, in favor of one F. E. Lumpkin, dated June 9, 1927, and recorded in Volume 173, Page 632, of the Deed Records of Van Zandt County, Texas, except as the same would necessarily be changed and altered to comply with the special agreements and stipulations provided for in said memorandum of said contract, hereto attached and marked Exhibit

A; that it was then and there agreed by and between this plaintiff and said defendants Bracken that the lease would not be for a term of years but would provide that said lease would continue in force until said well should be completed and as long thereafter as either oil or gas should be produced from any well on said land. * * * That said lease from the said J. A. Bracken and wife, Rhoda Bracken, to F. E. Lumpkin above referred to is an eighty-eight form lease and is on a printed form generally used in the Van Zandt County oil fields and is the same eighty-eight form lease referred to and provided for in the partial memorandum of said agreement marked Exhibit A hereto attached."

The petition alleged, as to the land leased:

"This plaintiff would respectfully show to the Court that about the 26th day of November, 1929, the defendants J. A. Bracken and wife, Rhoda Bracken, were the owners of the fee simple title to the hereinabove described land, owning all of the oil, gas and other minerals therein and thereunder.

"That it was then and there agreed and understood that the description of the said land would be written into the blank space provided for in said lease form (the eighty-eight form lease) after and when the same should be certified to and furnished by the County Surveyor of Van Zandt County, Texas.

"That after the 26th day of November, 1929, the said J. A. Bracken in compliance with said contract and agreement presented to this plaintiff the duly certified plat of survey of the hereinabove described land made by the County Surveyor of Van Zandt County, Texas, as in said contract provided for; that this plaintiff, acting upon such information contained in said plat made arrangements to carry out the further provisions of this contract."

The "hereinabove described land" (referring to "the certified plat of the County Surveyor" given to the lessee by J. A. Bracken) was of the alleged description as follows: "Part of the John Walling Survey of land in Van Zandt County, Texas, being part of the land described in a deed from E. B. Tunnell and wife to J. A. Bracken, said deed being recorded in Vol. 180, page 157 of the Deed Records of Van Zandt County, Texas; beginning on the East line of said tract and at the S. E. corner of a 46 acre tract sold to J. R. Shivers by J. A. Bracken and wife by deed dated February 4th, 1926, and recorded in Vol. 169, page 152, Deed Records of Van Zandt County, Texas; Thence West with the S. line of said 46 acres at 382 varas to the South West corner of same on East line of the I. W. Thompson 51 acre tract; Thence S. with said East line at 61½ varas a stake for corner; Thence E. at 382 varas to corner on the West line of W. H. White's 20 acre tract on same survey;

Thence North with said West line at 61½ varas to the place of beginning, containing 4.15 acres of land, more or less."

The petition was deemed subject to general demurrer, as argued, because the lease agreement made the basis of the present suit was not such an agreement as would warrant a decree of specific performance, upon the grounds that (1) the land to be leased was not described with sufficient certainty to identify it; and (2) the lease to be made was specified to be "an oil and gas lease" and "an 88 form lease," and without further description respecting its terms. It is pointed out by appellant that these grounds were not sufficient because the alleged written agreement entered into between the parties furnishes within itself the means or data by which the land to be leased and the form and all terms and conditions of the lease can be identified.

The written memorandum signed by the parties, made the basis of this suit, evidently reflects an agreement reached by such parties to make a lease upon the land in view to prospect and bore a well for gas and oil. The land the parties had in view to be leased was a certain "surplus amount of land," which the landowners "claimed to be four acres, more or less," more than the aggregate amount contained in the particular tract of 86 acres, less 46 acres, in the J. Walling survey in Van Zandt county, conveyed to the landowners, J. A. Bracken and wife, Rhoda Bracken, on September 15, 1925, by H. G. Gilbert by deed duly recorded. First, the landowners were to have the county surveyor of Van Zandt county survey, or run out on the ground, the boundaries of the tract of land set out in the deed referred to in order to "establish" or mark on the ground the "corners" at the "certain points" or places called for in the field notes. The purpose of this survey was in order to "establish" or determine the fact of whether or not there was an excess acreage in the tract, and the quantity of "the surplus, if any," believed and contemplated to exist. Secondly, when the county surveyor had made the survey, the landowners were to deliver to the lessee "a certified plat setting out the findings of the county engineer (surveyor) of Van Zandt County, Texas." In the event "the certified plat of the county surveyor" showed "there are four or more acres of land" more than the aggregate amount called for in the deed referred to, then, as mutually agreed, the landowners were to deliver to the lessee "a certified plat establishing this amount of acreage." The lessee was then obligated to place in the "People's National Bank of Tyler the sum of $30,000.00 or a guaranty thereof" as the consideration for the leasehold estate in such quantity of land. It is believed by a majority of the court that the instrument reasonably construed reflects an agreement too un-

certain and indefinite in its terms and on its face to enable the court to decree a specific performance. Such agreement does not definitely and certainly show nor describe any particular selected part of the land as excess, and does not provide any data or means by which any excess out of the tract may be described. The parties have not agreed upon or selected the point of the tract the excess, if existing, was to be taken out of or fixed, whether off the north or the south or in the middle of the tract as described in the deed. That selection or location of the excess was a matter unsettled at the date of the instrument. The same rule would be applicable in the present case, as was applied in Cantrell v. Garrard (Tex. Com. App.) 240 S. W. 533.

The writer, though, is of the opinion that the agreement is not too inexact to warrant a decree for specific performance. As against a general demurrer, the obligation of the landowner should be regarded, as is reasonably reflected by the written instrument, as an undertaking on his part to make the selection of what point of the tract the amount of the surplus should be placed or fixed, and to furnish the lessee the metes and bounds of the located excess in the event the boundaries of the tract as run out and marked on the ground by the county surveyor showed such tract to contain an overplus of "four or more acres of land." The parties mutually agreed that, in the event "the findings" of the county surveyor showed "there are four or more acres of land," the landowners are to make "the delivery" to the lessee of a "certified plat establishing this amount of acreage." The effect of that agreement is to entitle the appellant to have the lease contract to cover such particularly described land. The petition affirmatively alleged that the landowners did make out and deliver to the lessee a certified plat as "the said contract provided for." The field notes as returned in that certified plat are specifically set out in the petition, and they show the surplus acreage of 4.15 acres of land with the metes and bounds thereof. The calls show that the surplusage was located or fixed at the southeast corner of the land. Under the settled rule, it is competent to resort to other writing or data to ascertain the location and description and identity of the land understood to be sold or leased if the written instrument itself refers or sufficiently shows the means or data for the further description. Osborne v. Moore, 112 Tex. 361, 247 S. W. 498. A "certified plat" of the county surveyor is competent data or writing to resort to for further description of the acreage to be leased. A county surveyor is authorized to make survey and give certified plat to individuals. Article 5290, R. S. Under the general rules of evidence, maps and plats made by a sur-

veyor may be used in evidence. Haney v. Clark, 65 Tex. 93; Devine v. Keller, 73 Tex. 364, 11 S. W. 379. A surveyor may identify boundaries. State v. Hoff (Tex. Civ. App.) 29 S. W. 672. In McCarty v. May (Tex. Civ. App.) 74 S. W. 804, a contract which gave the right to select fifty acres out of a larger tract was enforced.

. In keeping with the views of the majority of the court, the judgment of the district court in all things is affirmed.